Condon *v.* Galbraith.

---

CONDON *v.* GALBRAITH.

*(Knoxville.    October 20, 1900.)*

1. TAX TITLES.    *Purchaser of land sold for taxes acquires no title, when.*

   A purchaser from the State, through the Circuit Court Clerk, of lands sold by the County Trustee, under Acts 1897, Ch. 1, for taxes of 1896, and not redeemed by the owner, acquires no title under his deed from the Clerk, where the trustee has failed to certify the list filed with the Clerk, showing the properties bid in at such tax sale for the State.    *(Post, pp. 15–20.)*

   Act construed: Acts 1897, Ch. 1.

   Case cite: *Tax Title Cases*, 105 Tenn., 245.

2. SAME.    *Authentication of list by Trustee.*

   Where a correct list of properties bid in by the State at a tax sale, made under Acts 1897, Ch. 1, has been filed with the Circuit Court Clerk in due time, but left uncertified by oversight of the Trustee, the latter officer cannot, after the date for filing same has passed, and deed has been made by the Clerk, certify such list, so that the authentication will relate back to the date of its filing, and save the Clerk's deed from invalidity.    *(Post, pp. 20–27.)*

   Act construed: Acts 1897, Chapter 1.

3. SAME.    *Decree of Circuit Court in confirmation of tax sale void, when.*

   The Circuit Court is without jurisdiction to enter decree, as provided by Acts 1899, Ch. 435, confirming titles of purchasers at tax sales, made under Acts 1897 and 1899, and awarding writs of possession to purchasers, unless the required list, duly certified, of properties bid in for the State has been filed by the Trustee in due time with the Clerk of the Circuit Court.    This certified list constitutes a jurisdictional fact.    *(Post, pp. 20–27.)*

   Acts construed: Acts 1897, Chapter 1; Acts 1899, Chapter 435.

Condon *v.* Galbraith.

4. SAME. *Same.*

And such decree cannot be entered upon sales under Acts 1897, Ch. 1, without giving notice to the party whose land has been sold for taxes. (*Post, pp. 24–27.*)

Act construed: Acts 1899, Chapter 435.

FROM   KNOX.

Appeal from Chancery Court of Knox County. GEO. W. HENDERSON, Sp. Ch.

WEBB & McCLUNG for Condon.

SANSOM, WELCKER & PARKER and PICKLE & TURNER for Galbraith.

WILKES, J. This is a bill to set aside a tax title to a tract of 346 acres of land in the Fourteenth Civil District of Knox County, near the city of Knoxville. The title rests upon a sale for taxes assessed for the year 1896, and was made under the provisions of the revenue act of 1897, and supplementary proceedings were had under the Act of 1899. Many objections are made to the validity of the tax title. The Chancellor gave the complainants the relief sought, declared the tax proceedings and deed a cloud upon the title of complainant to the land, and removed the same, and perpetually enjoined defendants from

claiming it under the tax deed made to them by the Circuit Court Clerk. On appeal, this decree has been affirmed by the Court of Chancery Appeals, and both parties ·have appealed to this Court. It appears that when these taxes accrued, to-wit, the 10th of January, 1896, S. P. Condon owned the land in controversy, and it was assessed for taxes for that year to him. In September, 1896, he sold it to his brother, the complainant, Martin J. Condon, for about $14,000.

This land, with that of other tax delinquents, was advertised for sale by the County Trustee, under the Act of 1897, and was sold September 9, 1897, and bought in by the Trustee in the name of the Treasurer for the State of Tennessee, for the use of the State of Tennessee, there being no other bidders. After making the sale, the Trustee, before the first Monday of October, 1897, filed in the office of the Clerk of the Circuit Court of Knox County a list of the lands so struck off by him in the name of the Treasurer, specifying the date of sale, the amount of taxes for which the respective sales were made, and each item of cost, the whole being in book form. The list was made out as the statute prescribes, except that the Trustee failed to make the certificate required by it.

On the 11th of September, 1899, defendant, Galbraith, paid to the Clerk of the Circuit Court all taxes, penalties, and costs for which the land

Condon *v.* Galbraith.

in controversy in this cause had been sold on the 9th of September, 1897, and all taxes subsequently accruing except those of 1899, and demanded a tax title deed to the property. This was early on the morning of the 11th of September. The Clerk had just reached his office, and there being other parties present to attend to similar business, he said he could not then make the deed, but would do so later in the day. He did make the deed during the day, and in the meantime marked opposite the entry as to this tract of land the fact that it had been sold to Galbraith.

Galbraith took the deed to the office of the County Court Clerk to have it entered as the statute requires, and was informed by the Clerk that he did not have the proper book, and he was requested to hold the deed until he could procure a book, which he did, and on September 16, when the book had been procured, the entry was made.

Soon after Galbraith had paid the amount to the Circuit Court Clerk, S. P. Condon, the party in whose name the land had been assessed, tendered to that clerk the full amount of taxes, penalties, costs, etc., against the land and demanded a deed in the name of M. J. Condon, his vendee. The Clerk told him the land had been sold to Galbraith, and refused to receive the money. S. P. Condon then went to the Trustee's office and paid the taxes on the land

for 1898, and on the next day went to the office of the Circuit Court Clerk and asked to be allowed to pay the taxes for 1896 and 1897, but this was refused. After consultation with his attorney, the Clerk did receive from Condon the taxes, penalties, interest and costs for 1897. So that when Condon paid the taxes for 1897 and 1898 the Circuit Court Clerk had in his hands the money paid by Galbraith for the taxes of 1896, 1897, and 1898.

The Court of Chancery Appeals reports that S. P. Condon had personal property sufficient to pay the taxes when this land was sold, and that neither the Trustee or other officer authorized to collect taxes went on the premises to search for the same, and no one made demand upon S. P. Condon for the taxes. The personal property was open to observation, and could have been easily and readily found. There was, however, an informal or meager *nulla bona* return as to these taxes, signed, it appears, by a special Deputy Trustee.

On the 16th of April, 1900, the Trustee went into the office of the Clerk of the Circuit Court, and appended or attached to the list the certificate required by law, thus authenticating the list. To the certificate as prescribed by the statute he added the statement that, when the list was filed by him, through oversight on his part, the certificate was omitted, and, knowing the list

be accurate and in every way to conform to the Acts of 1897, and the omission being a mere oversight, and desiring to cure the defect, he filed and made the certificate "now for then."

On the 30th of August, 1899, on motion of John D. Caldwell, State Revenue Agent, a judgment by motion was rendered and entered on the minutes of the Circuit Court, reciting the facts stated and others, and it was ordered by the Court that the sales be confirmed (this being one among the number), and that all the right, title, interest and estate of every kind and character pertaining to said property or any particular portion thereof is hereby divested out of the respective owners and vested in the respective purchasers, as shown by said list, subject alone to the right of redemption given under the Act under which said sales were made. The Clerk was ordered to issue writs of possession as prescribed by sec. 59 of the Acts of 1899.

Complainant and his vendor, S. P. Condon, having failed to obtain any relief otherwise, filed their bill December 2, 1899, attacking and seeking to set aside the proceedings had in the Circuit Court.

It is virtually conceded, and certainly is true, that the tax title in this case is defective and the sale invalid under the ruling of this Court in the Tax Title case, 105 Tenn., 245, unless this

case can be differentiated from that. We need not repeat the reasoning and holding of the Court in that case, and it is only necessary to say that the failure to file the certified list authenticated as the law prescribes by the Trustee with the Clerk of the Circuit Court on or before the first Monday of October, is fatal to the title of the purchaser.

It is said that there are two features which distinguish this case from the case of *Kelly* v. *Dugan.*

The first is the fact that there was a judgment of the Circuit Court, in August, 1899, divesting the title out of the owners and vesting it in the State, and that the title thus vested was passed by the Clerk's deed to the purchaser from him. The argument is, that the proceeding is a judgment of a Court of record and of superior jurisdiction, and was not appealed from or in any way reversed or set aside; that the proceeding is one *in rem,* and the Court having jurisdiction of both the person and subject-matter, the judgment is conclusive. If the judgment is in confirmation of the sale already made, and not an independent proceeding, manifestly it could only vest in the purchaser the title that the State obtained at the Trustee's sale in 1897, and that under the case we have cited was not a valid title, as the title was not taken from the owner by the sale. To pass the title requires, under the statute, was only a sale by the Trustee, but the

filing of the certified list of sales with the Circuit Court Clerk duly authenticated. We are of opinion the judgment of the Circuit Court depends for its validity and force upon the certified list, and is not a substantive, independent proceeding. The right to proceed to judgment rests upon the filing of the certified list, properly authenticated. In the absence of such certified list the Court had no jurisdiction or power to render the judgment, and it is void. The proceeding to take judgment divesting and vesting title is not an independent one, but in confirmation of the sale made by the Trustee.

But it is said the authentication of the list made by the Trustee in April, 1900, cured the omission to make it at or before the time it was filed in the Circuit Court. In this connection, and bearing upon this feature of the case, it is said the requirement that the list shall be authenticated and certified and filed on or before the first Monday in October after the sale was made, is only directory, and that the Trustee may make the certificate within a reasonable time and it will relate back to the date when it should have been made.

This position, we think, is not well taken. Sec. 59 of the Acts of 1899 is in the following words:

"*Be it further enacted,* That on any day of any term of the Circuit Court, after the term

when such lists of lands - sold for taxes and struck off to the Treasurer of the State or sold to individuals are filed with the Clerk of said Court, it shall be the duty of the Court, upon the. motion of the Trustee or any revenue agent of the State, or any purchaser, to enter a decree in form about as follows," etc. The term "such lists" means and refers to the certified lists mentioned and required by the four preceding sections. It clearly appears that the judgment is not to be entered until the proper lists are filed. It is to be based upon the properly certified list, and there is no authority for the judgment until the lists are filed, properly authenticated. The certification of the list and the confirmation of the sale, based upon such certified list, completes and perfects the sale and entitles the purchaser to a writ of possession under the Act of 1899. The Act of 1899 goes beyond the Act of 1897 by providing a short remedy to obtain possession after such sale—to-wit, filing the properly certified list, having the sale confirmed, and a writ of possession awarded. It is not the sale alone that perfects the title, but under the Act of 1897 the filing of the properly certified list, and under the Act of 1899 it is the filing of a properly authenticated list, the confirmation of the sale by the Court, and the order for a writ of possession.

But it is said again that the failure to prop-

Condon *v.* Galbraith.

erly authenticate the lists when or before they were filed was a mere oversight, and the subsequent attaching and appending the authentication related back and made valid and regular the list as of the date when it was filed.

The doctrine of relation is one wholly founded upon equitable considerations. It will not be permitted to work a hardship nor to validate a void act. *Jackson* v. *Baird,* 4 Am. Dec., 257; *Dow* v. *Howard,* 8 Cowan, 277.

The bill in this case had been filed and the cause had been pending four months before the date of the authentication by the Trustee. The property is shown by the record to be worth $14,000. It is claimed under this title at a cost of about $136. In such case of inadequacy of price the purchaser must stand upon his strict legal rights. Equity will not be invoked to aid him in perfecting his title under such circumstances. The amount paid by the purchaser has been tendered back to him and paid into Court for his benefit. It appears that he purchased the property in unusual haste, and that the owner offered to pay the taxes, etc., and relieve the land within a very short time after the purchaser had made the purchase, and on the same day.

Proceedings to enforce the collection of taxes are summary in their character, and necessarily so, otherwise the State would be retarded in their collection and embarrassed in her finances, but at

the same time, the modes of proceeding are laid down with particularity and in detail in the statutes, and Trustees who exercise proper diligence and ordinary intelligence in the discharge of their duties need not err or make default therein. Likewise, persons who desire to become purchasers at tax sales have ample opportunity to ascertain whether the necessary steps to make a valid sale have been complied with before they buy. While the State, on the one hand, should not be embarrassed in the collection of its taxes, on the other the citizen should not be deprived of his property for a mere pittance when the proceedings are irregular and not in accord with the law. The fact that such proceedings are necessarily summary in their character is no ground why they should be treated with so much leniency as to supply material defects caused by the failure to observe plain statutory requirements and provisions.

We have so far treated the case as it has been treated by counsel—that is, upon the assumption that the judgment of the Circuit Court of August, 1899, was in proper form and in conformity with the statute except that there was no properly certified list to authorize it, or give the Court jurisdiction to render the judgment. But we are of opinion there is a fatal defect in the Circuit Court judgment as rendered.

Sec. 59 of the Acts of 1899, Chapter 435,

provides for sales to be made under that Act and after its passage, and the latter part of the section provides for proceedings supplementary to sales made under the Act of 1897.

The present sale was made under the Act of 1897 and not that of 1899, and hence the latter part of the section regulates the proceeding in this case. As to sales under the Act of 1897, it is provided that a decree shall be entered in about the form provided in the former part of the section, but adds that writs of possession shall be decreed to issue on compliance with the provisions of Chapter 67 of the Act; that no writ shall issue unless ordered by the Court, and this provision shall apply to all sales theretofore made and thereafter to be made, to individuals, the State or to any company or corporation.

Turning now to sec. 67 to see when writs of possession may issue under sales made under the Act of 1897, we find that it provides that before any writ of possession is issued on such sale, the purchaser shall make out a notice to the party in possession, giving a description of the property and the fact of his purchase at tax sale or under the provisions of said Act, the time of purchase, and stating that he will not earlier than thirty days thereafter apply to the Judge of the Circuit Court for a writ to put him in possession of the land, which notice shall be served by the Sheriff or Deputy

Sheriff or Constable on the party or parties in possession, and if no one is on the premises at the time the officer is there, it shall be sufficient service to leave a copy of such notice tacked to the house or other place where it can be seen. Other provisions follow, not necessary to be set out. It is not shown in the judgment entry that these provisions as to notice were complied with as the section prescribes in order to obtain an order for a writ of possession. In other words, the judgment, as entered, does not recite that the facts prescribed by the Act appeared to the Court, nor could it do so, as the fact did not exist, and hence could not be recited in the decree. On the contrary, the decree of the Court as entered awards a writ of possession and directs it to issue without any provision as to notice, or recital that notice had been given. Being a judgment by motion, summary in its character, all the facts required by the statute should be recited in it; and if it is defective in this respect, it is void upon its face. Here there are no recitals of notice to render the judgment valid, and no proof or evidence upon which such recitals could be based. If the position be correct that the recitals in the judgment cannot be attacked or questioned in a collateral proceeding, still this will not avail, since the judgment itself shows on its face only the recitals required for sales made after the Act

Condon *v.* Galbraith.

was passed, and not those required for sales made before its passage.

The judgment being defective and void upon its face, the complainant can rely, not upon the judgment, but upon such title only as he acquired by the sale in 1897, and that sale was invalid because the certificate was not filed as the law prescribes.

We need not pass upon the other errors assigned, as this holding is conclusive as to the invalidity of the title, and the decree of the Court of Chancery Appeals is affirmed.