COLLINS et al. v. OLIVER.—144 S. W. (2d) 9.

Eastern Section.   June 25, 1940.

Petition for Certiorari Denied by Supreme Court, October 6, 1940.

Allen, Nelson & Allen, of Elizabethton, for appellant.
R. C. Campbell, of Elizabethton, for appellee.

PORTRUM, J.  This suit was brought by the complainants, Roby Collins and others, attacking the validity of the deed executed by the State of Tennessee, to the defendant, Charles Oliver, on the ground that the said deed is void and should be set aside for the reason that the law regulating the sale of land for taxes was not complied with.  We copy the findings made by the chancellor reflecting the issue:

"The property was assessed for taxes for the year 1931 in the name of Will Collins.  Suit was instituted against delinquent taxpayers of 1931 on February 27, 1933, under the style of State of Tennessee ex rel. v. R. C. Bunten et al.  Process was issued and according to the return referred to in the bill was served by H. H. Johnson, Deputy Sheriff, on May 5, 1934.  There was an order pro confesso and a decree on November 19, 1934, declaring a lien and ordering the property sold.  Sale was made on March 30, 1936, and confirmed to the state by decree on May 29, 1936.

"The property consists of about four acres, as shown by the John C. Collins deed filed in the record and the assessed valuation for 1931 was $250 and the tax was $8.65.  It was bid in by the state for $19.78 and the consideration paid by the defendant was $19.78 and accrued taxes from 1931 to date of deed of $66.03, or a total of $85.81.  Deed from the Commissioner of Finance and Taxation was made after the expiration of a two year redemption period had expired, and was dated January 2, 1939.

"The complainant in the bill makes some question about the service of process, but since the return of the officer shows that process was served, and since the record shows that the following heirs, the owners of the property, knew of the suit to collect the taxes, and that it was advertised for sale, any question of that kind is unavailing, and in any event seems to have been abandoned." This holding was supported by State ex rel. v. Collier, infra.

■ ■     Other attacks made upon the proceeding is that the description of the property as contained on the assessment roll is insufficient, because of the absence of the Civil District, the dollar mark designating value, and that the trustee did not follow the mandatory provision of the statute, Code, Section 1546, while visiting each Civil District upon notice, for the purpose of collecting revenues; that Section 1565 of the Code was not complied with and that the trustee did not appoint deputies to furnish him with a list of delinquest taxes for purpose of collecting such taxes; and that Chapter 77 of the Public Acts of 1923 was not complied with in that the trustee did not proceed to collect the taxes with a stress warrant before instituting suit therefor.  The chancellor went into the merits of these contentions and answered them in favor of the defendant, as appears from his memo opinion filed with the record. This court is of the opinion that the only question open for review in

this proceeding is whether or not the Chancery Court had jurisdiction in the above-styled case of State of Tennessee ex rel. v. R. C. Bunten et al. That was a proceeding in rem, and if the taxpayer had either constructive or actual notice of the proceeding sufficient to permit him to protect his interest, then the court had jurisdiction to enforce its lien. It was held in the State ex rel. v. Collier, supra, that some character of notice was necessary.

It being determined that the court had jurisdiction in the case of State ex rel. v. Bunten, then the questions made here were open for litigation in that suit, and if the defendants permit questions there at issue to go by default and if judgment is taken, then the issues become an adjudication and are not subject to be reopened and reviewed in a collateral proceeding. The defendants not only let a judgment be taken by default, but a sale of the property to the state, and also permitted the period of redemption to expire and the state to execute a deed to a third party for a valuable consideration, after notice to the defendant taxpayers and an indulgence to permit them to raise the money and pay the taxes before execution of the deed to a third party, and it was after this persistent attempt on the part of the Commissioner to induce the defendants to pay the taxes that the deed was executed to a third party. Now, after eight years, the taxpayers institute this suit to set aside this deed to the third party as void, but they make no tender of the taxes, penalty and expenses paid by the third party as a consideration for the deed. This situation is taken care of by the statute, Code, Section 1609:

"A tax deed of conveyance shall be an assurance of perfect title to the purchaser of said land, and no such conveyance shall be invalidated in any court, except by proof that the land was not liable to sale for taxes or that the taxes for which the land was sold have been paid before said sale; and if any part of the taxes for which said land was sold is illegal or not chargeable against it, but a part is chargeable, that shall not affect the sale, nor invalidate the conveyance thereunder, unless it appears that before the sale the amount legally chargeable against the land was paid or tendered to the county trustee, and no other objection either in form or substance to the sale or the title thereunder shall avail in any controversy involving them."

It is not charged that the defendants fall within any of the enumerated exceptions, and the only issue here is whether or not the court had jurisdiction to make the sale.

The defendants attempt to defeat the officers' return by showing at the date of the return, Will Collins, the landowner through whom they claim and in whose name the property was assessed, was dead. The parties testified to this fact and also introduced a Bible with a family history entry showing the date of

his death, which was prior to the date of the service of process. The chancellor held, as quoted above, that the officer's return was not overcome. The Bible is not sent up for inspection by this court. But if this be sufficient evidence to overcome the return, then the principal complainant, Roby Collins, who signed the prosecution bond, admits that he knew of the proceeding prior to the sale. And the record shows further that the taxpayers had constructive notice, for there is a newspaper advertisement in the record listing the delinquent taxpayers from the named Civil District, by the name of the taxpayer, the description of the land by adjoining owners, its assessed value and the amount of taxes due, and from all of this the court is warranted in finding that the taxpayer was served with process, had constructive notice by publication, and had actual notice of the proceeding within time to have protected his rights. The court having jurisdiction, the decree in the tax suit is binding upon the taxpayers, the complainants, and all irregularities in any prior proceeding is subject to adjudication in the tax suit and the decree becomes a res adjudicata.

It is admitted that the Commissioner's deed contains a sufficient description of the land and the sufficiency of the deed itself is not questioned.

The proceeding in State ex rel. v. Collier, 160 Tenn., 403, 23 S. W. (2d), 897, in which many of these same defenses relied upon here were advanced, was a direct and not a collateral attack.

The decree of the Chancellor is affirmed, with costs.

Ailor and McAmis, JJ., concur.