STATE *et al. v.* ALLRED *et al.*

(*Nashville,* December Term, 1940.)

Opinion filed January 11, 1941.

A. R. HOGUE, of Jamestown, for appellant.

ROBERT F. TURNER, of Jamestown, for appellees.

Mr. Chief Justice Green delivered the opinion of the Court.

This is an appeal from a decree of the chancellor directing a sale of defendants' lands for delinquent taxes. The bill was filed on January 24, 1938. There are a number of assignments of error but we need consider only one of them as it requires a reversal of the decree and the dismissal of this particular suit.

At the time it was filed, as disclosed by the bill, there were pending in the chancery court six suits of the same character brought for collection of delinquent taxes on the same lands which proceedings had not proceeded to a sale of the lands involved for the purpose of enforcing the tax liens. The bill prayed for a consolidation of all these suits and a decree for the amount of the taxes involved in all of them with interest and penalties and a sale of the lands for satisfaction of such decree.

A written motion was interposed and filed in which the court was asked to dismiss the bill herein because filed in direct violation of chapter 71 of the Acts of 1937.

The Act of 1937 is an Act to amend section 1591 of the Code providing for tax suits of this character and the Code section was amended as follows:

"Provided, however, that where suits are pending against any particular tract of land or lot for the collection of delinquent taxes under this section, no subsequent suits for collection of taxes shall be filed against such tract of land or lot against which proceedings are pending until such time as all prior proceedings against such tract of land or lot shall have proceeded to a sale thereof for the purpose of enforcing the lien of such delinquent taxes."

This motion was overruled, to which action of the court

the defendants preserved exceptions and later, as stated above, prayed an appeal from the final decree.

We do not see how this suit can be maintained in the face of this statute. It is true that section 2 of chapter 71 of the Acts of 1937 provides "That any municipality or county of the state may exempt itself from the provision of this Act, either in its entirety or in part by proper resolution or ordinance." It does not appear that the county court of Fentress County has passed any resolution of this character and defendants undertake to meet the particular assignment of error raising this question on other grounds which obviously are not well taken.

The suits pending at the time that the present bill herein was filed should be consolidated. Code, section 1600. This can be done by motion and all proceedings against the lands involved for delinquent taxes can be carried to conclusion. By the terms of the Act of 1937, however, no other bill of this nature can be entertained until the pending suits are ended.

The Act of 1937 was passed to bring about the expedition of tax suits. A practice had grown up among tax attorneys of filing a bill involving taxes for a particular year, letting the case lie dormant, filing a similar bill on the next year for taxes for the year subsequent to the year involved in the first suit, letting this second suit lie dormant, and then bringing another suit, and another, with no final disposition of any of the cases. The prohibition of such suits, while a previous suit is pending, will doubtless stimulate the tax attorneys to activity about the disposition of pending cases.

It is altogether unnecessary to file a separate bill for the purpose of consolidating pending tax cases. This should be accomplished by motion. Chambliss' Gibson's

Suits in Chancery, section 755. An additional bill entails additional costs and no doubt one purpose of the Act of 1937 was to relieve the taxpayer of accumulating costs.

For the reasons stated the decree of the chancellor is reversed and this bill dismissed, but this decree does not affect the status of the suits previously instituted and pending in the court below.