MOORE v. CHASE et al.—156 S. W. (2d), 84.

Eastern Section. April 3, 1941.

Petition for Certiorari denied by Supreme Court, November 29, 1941.

240

Vines, Hawkins & Bryant and Sam W. Price, all of Johnson City, for appellants.

Sam S. Kirkpatrick, of Jonesboro, for appellee.

PORTRUM, J. This suit was instituted to set aside a deed as fraudulent and also an instrument conveying household and personal property, executed by a husband to the defendant for the purpose of defeating his wife of her interest in the property, which was held as tenants by the entirety. A jury was demanded but later waived, the Chancellor hearing it sitting as a jury, and the rule is if there is any evidence to sustain his holding it must be affirmed by this court. The case will be reviewed as a jury case, but this is immaterial since the evidence preponderates greatly in support of the Chancellor's holding.

The complainant is a Negro woman about 35 years of age; she went upon a visit to North Carolina leaving her husband drunk, in a protracted spree, and upon her return she found her home in the possession of the defendant, together with all the household furniture and her canned fruit; in fact, there was nothing there for her, since the defendant set up a claim to everything because of the instrument executed by the complainant's husband, who had received $45 in cash and had absconded. The property was worth $750 as found by the Chancellor, and from the evidence this court concurs in this valuation, and there existed a mortgage of

$250 against it. The defendant paid $45 in cash to the husband, and agreed to assume this mortgage in event the wife also executed the deed, and in case she did to pay the wife the sum of ninety odd dollars in full consideration of the real estate, and it was recited in the agreement that $50 was to be paid for the personal property, but the Chancellor found that this was not paid and there was no consideration passing for the agreement transferring the personal property. And, in any event, the consideration was inadequate.

Upon the complainant's return, she and her mother were overtaken by the husband of the defendant, who committed the acts of fraud in the name of his wife, and he took them to Johnson City, where the wife was compelled to execute the deed, but she declined to receive the money to be paid her, and upon being returned to her home in Limestone, where she was staying with her mother, having been ejected from her own home, she on the same day went to Jonesboro, and there employed an attorney who brought this proceeding to avoid these fraudulent transfers.

There is no justification for the court in enforcing a deed of gift whereby the donors, a drunken husband and a wife, denudes themselves of every vestage of property to a white woman whose husband is a shrewd trader. Soon after the defendant went into possession, she took out and appropriated the Negro's household furniture, and fruit, etc., insured the house for $500, and then rented it to a tenant who is at this time an exconvict. From these facts a jury could reasonably conclude that it was anticipated the house would be destroyed by fire, and such was the result. The defendant collected $500 in insurance and complains because the Chancellor required her to account for this insurance, or the value of the house. It is argued that the taking out of the insurance was a private matter between the defendant and the insurance company, and there is no privity between the complainant and the defendant in the transaction. The Chancellor did not and we cannot agree with this conclusion. The defendant wrongfully obtained possession of this property and she should be required to restore it or its value. Certainly this is equitable. We concur with the Chancellor in holding that the defendant is liable for the full value of all the property; having wrongfully taken it, and insured it under suspicious circumstances, she must return the property or pay its value.

The Chancellor gave the defendant credit for the payment of the mortgage indebtedness of $250. And for the balance gave judgment in the sum of $550. We concur in this and overrule the assignment that there is no evidence to support the judgment.

This recovery includes the value of the personel property, which the Chancellor held was held by the husband and his wife as tenants by the entirety. It is insisted in an assignment that no such an estate exists in personal property in Tennessee. This is a

242

mistaken idea. See Campbell v. Campbell, 167 Tenn., 77, 66 S. W. (2d), 990.

And it is insisted that a wife cannot prosecute an action to reduce her claim to a judgment, relying upon Stegall v. City of Chattanooga, 16 Tenn. App., 124, 66 S. W. (2d), 266. That was a cause of action arising incidentally out of an estate held by the entirety, the husband having waived his claim for damages growing out of a condemnation proceeding. It is now well established that the husband cannot dispose of his wife's interest in an estate owned as tenants by the entirety; the Supreme Court, speaking through Chief Justice Green, states: "He cannot sell or incumber anything but his interest. . . . The former interest cannot be disposed of so as to defeat the right of the surviving spouse." Alfred v. Bankers,' etc., Company, 167 Tenn., 278, 282, 68 S. W. (2d), 941, 942.

If the husband can legally dispose of only his own interest, then certainly the wife can prosecute an action to recover her interest which is wrongfully withheld from her. And the husband having absconded, she can maintain the action under Code, section 8632.

It is assigned as error the Chancellor erroneously set aside the deed both as to the husband and wife, and the husband not being a party and making no complaint that he was without jurisdiction to set aside the deed of the interest of the husband. The Chancellor took the view that the husband's deed was conditioned upon the wife joining with the husband, and since the wife never legally joined, the deed was never operative. We are not prepared to say the Chancellor was in error, for payment of the purchase price—payment of the outstanding mortgage—was conditioned upon the wife joining, but the defendant having paid the purchase price, i. e., the mortgage, she cannot assert ownership to the husband's interest in the property and at the same time recover the purchase price, i. e., the mortgage assumed and paid by her. And rather than pay the purchase price for the husband's interest, her attorneys, at the bar of the court, abandoned this particular assignment.

There is no error in the decree of the lower court, and it is affirmed with cost; the appellee being entitled to a judgment upon the appeal bond for the debt, interest, and cost.

McAmis and Ailor, JJ., concur.