WILLIAMS *v.* LAND *et al.*

(*Nashville*, December Term, 1940.) ·

Opinion filed June 14, 1941.

TEMPLETON & STEVENS, of Fayetteville, for complainant.

DAY SUGG, of Fayetteville, for defendants.

MR. JUSTICE DEHAVEN delivered the opinion of the Court.

Complainant filed his original bill herein under the Declaratory Judgments Law of Tennessee (Code 8835-8847) seeking a decree declaring him to be the owner in fee of a tract of land containing about 90 acres in Lincoln County, Tennessee, and to be entitled to the immediate possession of the same.

Under the will of W. T. Land, deceased, the defendant, Elvy Land, as trustee, held title to the land in question for Roy Land, with remainder to his children and descendants of children or to the other children of the testator should Roy Land die without children.

The State of Tennessee and Lincoln County thereafter assessed the land in question for 1929 taxes, in the name of Roy Land. These taxes not being paid, the Tax Attorney filed a bill in the chancery court of Lincoln County, styled *State of Tennessee ex rel., et al. v. E. H. Davis et al.,* seeking the sale of the property therein described, including the land here involved, for the satisfaction of said taxes, and made Roy Land a defendant to the suit; but did not make Elvy Land, trustee, nor any of the children of Roy Land, defendants.

The chancellor by decree, ordered the lands involved sold in satisfaction of the delinquent taxes found to be owing. On June 13, 1932, the land assessed to Roy Land was sold to the State of Tennessee for the sum of $34.56.

On December 20, 1934, the chancellor signed a chambers decree confirming the sale of the tract of land here in question to the State of Tennessee. This decree was entered on the minutes of the court of February 18, 1935, *nunc pro tunc* as of December 21, 1934 (the day the decree was received by the clerk from the chancellor). This decree, in part, is as follows:

". . ., it is therefore, ordered, adjudged and decreed by the court that all the right, title, claim and interest of each of the respective persons against whom each particular amount of tax assessed against each particular lot or parcel of real estate as set out and specified in the Clerk and Master's report of sale and in the order named therein be divested out of them and each of them and vested respectively in the particular purchaser as designated and specified in said report of sale in connection with each particular lot or parcel of real estate—it being the object and purpose of the court by this decree to undertake and divest out of each particular owner or party against whose particular real estate the particular taxes in question were assessed, only such title as is warranted by the pleadings and the entire file in these consolidated causes, but no further or otherwise."

Chapter 38, Public Acts 1935, (approved February 15, 1935) by section 1 thereof, provides as follows:

"That from and after the passage of this Act, no suit, or other legal proceeding as now provided by law whereby additional penalties or costs shall accrue shall be instituted, and no such suit or legal proceeding already instituted shall be further prosecuted in any of the Courts of this State for the collection of any State, County or special *ad valorem* taxes due and delinquent for any or all of the years 1920 to 1933, inclusive, until after December 31, 1935."

Section 4 of the Act, the statutes of limitation of two years for the redemption of property sold for taxes were extended, as they applied to taxes for the years 1920 to 1933, inclusive, up to and including January 1, 1936, which provision expressly included the right of redemption of property sold for delinquent taxes and bought by the State or County.

On October 29, 1938, the Commissioner of Finance and Taxation of the State of Tennessee, with the approval of the Governor and Attorney-General of the State, executed a deed conveying all the right, title and interest of the State in and to the land here involved to John R. Williams, complainant herein, for a cash consideration of $285.45.

The defendant answered the bill, contending in the main that the decree confirming the tax sale was void because entered after the passage of Chapter 38, Public Acts 1935 (the Tax Moratorium Act) it being contended that the Act prohibited the entry of the decree, and that the decree was ineffective as to all of defendants except Roy Land because they were not named parties to the tax bill and had no notice thereof. It was averred that the property was worth $2,000. The answer was filed as a cross-bill, the prayer of which was that cross-complainants be allowed to redeem the land, and that the court determine the amount of taxes due and the amount necessary for the redemption of the land, and that the alleged confirmation of sale to the State and the deed to John R. Williams be declared null and void. Defendants paid into court the sum of $298.30 and tendered the same in redemption of the land.

Previous to obtaining his deed from the State, the complainant had leased some of the land here involved from

Roy Land and also claimed right of possession by virtue of a lease.

The chancellor held and decreed that the decree confirming the tax sale was void because entered after the passage of Chapter 38, Public Acts 1935; that none of the defendants except Roy Land were parties before the court in the tax suit when the decree confirming the tax sale was rendered; that the State of Tennessee acquired no valid title to the land by virtue of the decree of confirmation and thus conveyed no valid title to the complainant by the deed held by him; that complainant was guilty of no fraud in obtaining said deed or in obtaining the rental contracts referred to in the pleadings; that complainant should be reimbursed the sum paid the State by him; that the rental contracts executed by Roy Land to complainant are void because the legal title to the land was in the trustee, Elvy Land.

On complainant's appeal, the Court of Appeals affirmed the decree of the chancellor. He has filed his petition for *certiorari* to this court, and assigned errors.

While under Code, sec. 1331, lien for taxes extends to the fee in the property assessed, and not merely to the interest of the person to whom it is or ought to be assessed, and is made to extend to all other interests in the property, the chancellor in his decree confirming the tax sale expressly limited the divestiture of title to the right, title and interest of each of the respective persons against whom each particular amount of tax was assessed. Thus, the right, title and interest of Roy Land in the property was alone vested in the State, and it was this interest that the State conveyed to John R. Williams.

It is the insistence of defendants, however, that the decree of confirmation was entered in violation of Chapter 38, Public Acts 1935. The decree was, in fact,

passed and signed by the chancellor on December 20, 1934. The direction of the chancellor, appearing on the decree, was, "The Clerk & Master will enter the foregoing decree on his current minutes." The decree was received by the Clerk and Master on December 21, 1934, and was entered on the minutes on February 18, 1935, "now for then," and "read over, and found correct and affirmed," and signed by the chancellor. This was, as before stated a chambers decree. Code, sec. 10511 is as follows:

"All of said decrees made under the provisions for chambers hearings shall become effective from the time of entry by the clerk and master on the minute book of his court; but until the said decrees shall have been compared by the court and approved by him upon the minutes, in case of any difference between the decree as recorded by the clerk and master and the original decree, the original shall control."

The decree of confirmation of the tax sale became effective, under Code, sec. 10511, from the time of its entry by the clerk and master on the minutes of the court. The comparison of the entry of the decree on the minutes and approved by the chancellor was required by Code, sec. 10511. There was, then, no "effective" decree of confirmation when Chapter 38, Public Acts 1935, went into effect on February 15, 1935. The decree of confirmation was a necessary step in the tax proceeding and was a "further prosecution of the case," within the meaning of the Act.

The entry of the decree on the February 18, 1935, minutes of the court *nunc pro tunc* as of December 21, 1934, can not be given the effect of cutting defendant off from the intervening moratorium rights conferred by Chapter 38, Public Acts 1935. As stated in *Jackson* v. *Jarratt,* 165 Tenn.; 76, 84, 52 S. W. (2d), 137, 139, "Run-

ning through all of the authorities discussing this now for then order is clear recognition that it will not be made when substantial rights of parties will be thereby cut off.'' Furthermore, as hereinbefore pointed out, the chambers decree became ''effective'' only from the time of entry by the clerk. The decree was not entered on December 21, 1934, and there existed, therefore, no basis on which the decree appearing on the minutes of February 18, 1935, could be made effective by *nunc pro tunc* order as of date prior to its entry on the minutes.

*Certiorari* must be denied. Complainant will pay the costs incurred in this court.