TENNESSEE MARBLE & BRICK CO. *v.* YOUNG *et al.*

(*Nashville,* December Term, 1941.)

Opinion filed June 2, 1942.

Day Sugg and James O. Noland, both of Fayetteville, for appellants, George W. Young and others.

TEMPLETON & STEVENS, of Fayetteville, for appellee, Tennessee Marble & Brick Co.

MR. JUSTICE DEHAVEN delivered the opinion of the Court.

The Tennessee Marble Company filed its original bill herein on November 25, 1941, to set aside as void a tax deed executed by George F. McCanless, Commissioner of Finance and Taxation of the State of Tennessee, with the approval of the Governor of Tennessee, conveying the certain tract of land described in the bill to George W. Young, in consideration of the sum of $44.25. From the order of the chancellor overruling their demurrer to the bill, defendants were allowed a discretionary appeal to this court.

The material facts alleged in the bill are, in substance, that complainant since June, 1926, was the owner in fee of the land described in the bill; that due to financial difficulties it failed to pay the State and County taxes assessed against said land for the years 1927, 1928 and 1929; that the back tax attorney for Lincoln County filed a bill in the chancery court of Lincoln County to collect delinquent taxes on the land here in question; that said tax proceedings were consolidated with other tax causes and numerous tracts of land were ordered sold in the consolidated causes to satisfy the liens for delinquent taxes thereon, including the tract here involved, and the same were sold on June 13, 1932; that on December 20, 1934, the chancellor signed a chambers decree confirming said tax sales, and recited therein that the land here in question had been purchased by the State of Tennessee at the price of $44.25, that being the amount of taxes, interest, penalties and court costs due therein, and ad-

judged and decreed that all the right, title and interest of complainant herein be divested out of it and vested in the purchaser at the tax sale; that said decree was not entered until February 18, 1935.

It was further alleged that defendant, George F. Mc-Canless, Commissioner, etc., on October 27, 1941, conveyed said land by deed to defendant, George W. Young, for the consideration of $832.99, being the total amount of taxes, etc., due thereon for the years 1926 through 1940, and that the grantee assumed the payment of all subsequent taxes. It is then averred that George W. Young and wife, on November 4, 1941, conveyed said land by deed to defendant Ernest White, for the consideration of $832.99; that the land is worth more than the sum paid to the State by Young.

It was further alleged that the decree confirming the tax sale was void and of no effect because it was entered on the minutes of the court after the passage of Chapter 38, Public Acts 1935, the Tax Moratorium Act, which provided that from and after the passage of that Act no suit, or other legal proceeding as then provided by law whereby additional penalties or costs should accrue should be instituted, and no such suit already instituted should be further prosecuted in any of the courts of the State for any State, county or special or *ad valorem* taxes due and delinquent for any or all the years 1920 to 1933, inclusive, until after December 31, 1935, and the statute of limitations for the redemption of property sold for taxes was extended up to and including January 1, 1936, which Act was approved February 15, 1935, and was in effect at the time the decree confirming the tax sale was placed upon the minutes of the court.

It further appears from the bill that for the purpose of redeeming the land in question and having said deeds

removed as clouds on its title, complainant tendered and paid into court the sum of $836.90, that being the sum paid for the tax title, plus interest to the date of the filing of the bill.

Defendants demurred to the bill upon the following grounds:

"I. There is no equity on the face of the bill.

"II. The bill shows on its face that the cause of action therein set forth is barred and prohibited by statute, the same being Code Section 1610, which provides 'No suit shall be commenced in any court of the state to invalidate any tax title to land after three years from the time said land was sold for taxes, except in case of persons under disability, who shall have one year in which to bring suit after such disability is removed.'

"III. The bill shows on its face that the cause of action therein set forth is barred or prohibited by Code Section 1609, which section is as follows: 'A tax deed of conveyance shall be an assurance of perfect title to the purchaser of said land, and no such conveyance shall be invalidated in any court, except by proof that the land was not liable to sale for taxes or that the taxes for which the land was sold have been paid before said sale; and if any part of the taxes for which said land was sold is illegal or not chargeable against it, but a part is chargeable, that shall not affect the sale, nor invalidate the conveyance thereunder, unless it appears that before the sale the amount legally chargeable against the land was paid or tendered to the county trustee, and no other objection either in form or substance to the sale or the title thereunder shall avail in any controversy involving them.'

"IV. The bill shows on its face that the cause of action therein set forth, or the redemption therein prayed

for, accrued more than two years before the filing of the bill, and is barred by the statute of limitations for the redemption of land for taxes.

"V. The bill shows on its face that said complainant seeks to collaterally attack a decree of the chancery court and this Honorable Court is without power to entertain such action.

"VI. The bill shows on its face that the complainants are guilty of laches in that they have permitted taxes to accumulate on said property since the year 1927 and the defendants are innocent purchasers and have been damaged by said laches . . . "

Chapter 38, Public Acts 1935, Tax Moratorium Act, was approved and became a law on February 15, 1935. The chambers decree of the chancellor confirming the tax sale was entered on the minutes of the court on February 18, 1935, though signed by the chancellor on December 20, 1934. Code 10511 is as follows: "All of said decrees made under the provisions for chambers hearings shall become effective from the time of entry by the clerk and master on the minute book of his court; but until the said decrees shall have been compared by the court and approved by him upon the minutes, in case of any difference between the decree as recorded by the clerk and master and the original decree, the original shall control."

The chapters decree confirming the tax sale became "effective", under Code 10511, from the date of its entry by the clerk and master on the minutes of the court. The legal title did not pass to the purchaser until vestiture of title by the decree of confirmation. The sale was not completed until confirmed by the chancellor. In *Bryant* v. *McCullum*, 51 Tenn. (4 Heisk.), 511, 517, it was said: "It has been frequently determined that a sale

by the Master is not complete until there is a decree of confirmation, and that the title to real property purchased at such sale, does not pass until there is a final decree divesting and vesting title, or ordering the Clerk to execute a deed." And see *Tax Title Cases,* 105 Tenn., 243, 250, 58 S. W., 259.

This same decree of February 18, 1935, entered in the consolidated cases, was before the court in the case of *John R. Williams* v. *Roy Land et al.,* 179 Tenn., 109, 163 S. W. (2d), 68, handed down on June 14, 1941, the court held the decree void because entered after the enactment of Chapter 38, Public Acts 1935.

In *John R. Williams* v. *Roy Land et al.,* the court said, *inter alia*: "There was, then, no 'effective' decree of confirmation when Chapter 38, Public Acts 1935, went into effect on February 15, 1935. The decree of confirmation was a necessary step in the tax proceeding and was a 'further prosecution of the case,' within the meaning of the Act."

It is clear that the purpose and intent of Chapter 38, Public Acts 1935, was to freeze every tax suit in the condition it was in on the effective date of the Act, until December 31, 1935.

Under Code 7736, complainant here had two years within which to redeem the land. It is provided by Code 1591, among others things, that in tax suits, "The court shall order a sale of such land for cash, subject to the equity of redemption." The two year period for redemption does not begin to run until the sale is completed by decree confirming the sale and divesting and vesting title. In the instant case there having been no valid decree confirming the sale to the State and divesting title out of complainant and vesting title in the purchaser, the matter stood as though there had been no sale and, under Code

1594, complainant was entitled to have the suit dismissed as to its property by paying into court the amount of taxes due from it, together with interest and penalty and such court costs as may have accrued against it in consequence of the filing of such suit. Defendant, George W. Young, paid the State $832.99, "being the total amount of state taxes together with total interest, penalties, attorney's fees and court costs due on said land for the years 1926 through 1940," as is recited in the deed from the State to Young. Complainant has tendered to defendants and paid into court this sum, together with interest thereon to the time of the filing of the bill herein.

■ Defendants, in their second ground of demurrer, rely on Code 1610, which provides that no suit shall be commenced in any court of the state to invalidate any tax title to land after three years from the time the land is sold for taxes, except in case of persons under disability. This statute has no application in the instant case because the state never became possessed of a tax title under the void decree of February 18, 1935. The sale is incomplete to this day.

■ Under the third ground of demurrer defendants rely on Code 1609, which provides, in substance, that a tax deed of conveyance shall be an assurance of a perfect title to the purchaser of the land, and shall not be invalidated except by proof that the land was not liable to sale for taxes, or that taxes have been paid. This statute presupposes a valid vestiture of title in the purchaser at the tax sale. See *Tax Title Cases, supra*; *Harris* v. *Mason*, 120 Tenn., 668, 694, 115 S. W., 1146, 25 L. R. A. (N. S.), 1011; *Condon* v. *Galbraith*, 106 Tenn., 14, 58 S. W., 916.

Under the fourth ground of demurrer it is insisted that the bill shows on its face that the period for redemption accrued more than two years before the filing of the bill. As hereinbefore pointed out, the two years allowed for redemption has not yet commenced to run, because the sale by the clerk has never been confirmed.

It is next insisted that the bill herein constituted a collateral attack upon the decree of February 18, 1935. A decree may be assailed because of invalidity at any time. A void decree is in the same plight as though it never existed.

Finally defendants insist that complainant was guilty of laches in that it permitted taxes to accumulate on the property since 1927. That was a matter between the state and complainant. Defendants had no interest in the matter until they undertook to purchase from the state. They have beeen tendered the money back with interest.

We find no merit in any of the assignments of error and the same are overruled. The result is that the decree of the chancellor overruling the demurrer is affirmed and the cause is remanded for such further proceedings as may be proper.

Defendants will pay the costs incident to this appeal.