Esch *et al. v.* Wilcox *et al.*

*(Jackson,* April Term, 1943.)

Opinion filed March 4, 1944.

J. Ross MᴄKɪɴɴᴇʏ, of Huntingdon, for complainants.

Mᴀᴅᴅᴏx, Mᴀᴅᴅᴏx & Mᴀᴅᴅᴏx, of Huntingdon, for defendants.

Mʀ. Jᴜsᴛɪᴄᴇ Gᴀɪʟᴏʀ delivered the opinion of the Court.

Appeal is from a decree of the Chancellor dismissing the original bill on demurrer. A bill was filed by the complainant individually, and as next friend of her minor children, against the defendants, to enjoin the prosecution of an ejectment suit in the Circuit Court of Carroll County, brought by the defendants here against the complainants to dispossess complainants and vest title in defendants in a certain tract of land in Carroll County. This tract of land, which is still in possession of complainants, was formerly owned by Julia Esch as life

tenant with remainder in her children. In 1932, in a Chancery cause styled *State of Tennessee ex rel.* v. *W. F. Gowan et al.*, the land was decreed to be sold for delinquent taxes, and was sold and bought by the State of Tennessee. Thereafter, in a deed which was filed for registration on the 22nd day of February, 1934, George F. McCanless, Commissioner of Finance and Taxation, acting under the Code provision in that regard, section 1607, deeded to the defendants, James and Eva Wilcox, the tract of land over the ownership of which this controversy has arisen. Though the original bill makes a copy of this deed Exhibit 2, it is not to be found in the record before us. The defendants Wilcox filed their separate demurrer and on the hearing the Chancellor, sustained the demurrer and dismissed the bill. The complainants have perfected their appeal to this court.

Two assignments of error are made but neither of them complies with Rule 14, 173 Tenn., page 873, of this court, since no specification of the errors complained of is made by either of the assignments. Said assignments, of error are as follows:

"The Chancellor erred in sustaining the demurrer and in dismissing appellant's bill of complaint and in dis*ol*ving the injunction. Tr., p. 23.

"The learned Chancellor erred in that his decree is contrary to law applicable to this case, and also contrary to equity. Tr., p. 23."

(The above references to the record are merely to the page on which the entire decree of the Chancellor is to be found.)

Since no errors are specified or assigned, it is difficult to fix the limit of this appeal. The original bill seeks, (1) To have the deed of the Commissioner of Finance and

Taxation to defendants Wilcox declared void because of irregularities in the Chancery suit of *State ex rel.* v. *Gowan,* and (2) An injunction against the same defendants and the clerk of the court to restrain further prosecution of the ejectment suit and further trespass on the land or disturbance of complainant in the quiet and peaceful possession thereof. Obviously, therefore, the effect of the bill is to substitute the Chancery suit for the ejectment suit in the Circuit Court, and to have the Chancellor determine for Julia Esch as complainant, the merits of defenses which she would have to raise to avoid an adverse judgment at law.

After a careful reading of the original bill and the brief and argument filed by complainant, it seems that the appeal is predicated upon an insistence that the suit to collect delinquent taxes, *State ex rel.* v. *Gowan,* was irregular and invalid. It is insisted that no warning to the delinquent taxpayers was given by the County Trustee, and no service of process had on the minor defendants; that process ran against and was served upon *Julian* (not Julia) Esch (however, complainant nowhere in the original bill, denies that she had actual notice of the suit for the collection of delinquent taxes, nor does she deny that service in such suit was *actually* made upon her, though erroneously returned by the officer as having been made on Julian and not Julia Esch). The bill further charges that no reference was had to ascertain the amount of the delinquent taxes, and that in many respects the provisions of the Code for the collection of delinquent taxes on land were not complied with. Therefore, the original bill presents a collateral attack upon the decree rendered in the case of *State ex rel. v. Gowan* and seeks to annul and void the sale under the provisions of said decree.

■■ As we have stated, it is not insisted that the complainant herself, had no actual notice of the Chancery proceeding for the collection of delinquent taxes, but she only insists that her minor children as remaindermen, were not made defendants, and were not served with *subpoena* to answer. It is admitted in her bill that Joe Esch, the father and natural guardian of his minor children, was properly served with process. We think that notice, whether it be formal, actual, or constructive, is sufficient so long as it is of such character as to make the taxpayer aware of the proceedings and give him an opportunity to pay the taxes and make his defenses.

"Suit by Roby Collins and others against Charles Oliver, attacking the validity of a deed executed by the state of Tennessee to the defendants, on (the) ground that the deed was void and should be set aside for the reason that the law regulating the sale of realty for taxes was not complied with. . . . That was a proceeding *in rem,* and if the taxpayer had either *constructive* or actual notice of the proceeding sufficient to permit him to protect his interest, then the court had jurisdiction to enforce its lien. It was held in the *State ex rel.* v. *Collier, supra* [165 Tenn., 28, 52 S. W. (2d), 361], that some character of notice was necessary. It being determined that the court had jurisdiction in the case of *State ex rel.* v. *Bunten* (the tax suit), then the questions made here were open for litigation in that suit, and if the defendants permit questions there at issue to go by default and if judgment is taken, *then the issues become an adjudication and are not subject to be reopened* and reviewed in a collateral proceeding. . . . The court having jurisdiction, the decree in the tax suit is binding upon the taxpayers, the complainants, and all irregulari-

ties in any prior proceeding is subject to (the) adjudication in the tax suit and the decree becomes a *res adjudicata.*" *Collins et al.* v. *Oliver*, 24 Tenn. App., 337, at pages 339, 340, 144 S. W. (2d), 9, at pages 10, 11. *Certiorari* denied October 6, 1940, and decision later approved by this court in *Obion County* v. *Massengill, infra.* (Emphasis ours.)

Further, the authorities cited with regard to notice and service of process by the complainants are all decisions of this court which were rendered prior to the passage of Chapter 602, Public Acts of 1907, and Chapter 77, Public Acts of 1923, and prior to the decisions of this court in which it has been directly held that such actions are actions *in rem,* and

"The whole proceeding for collection of taxes from the assessment to sale for delinquency shall be a proceeding *in rem,* and shall not be invalid on account of such land having been listed or assessed for taxation to any one as owner or owners or to any person or persons not the owner or owners or to unknown owner or owners.'" Code, section 1332.

■ In a very recent case, it was re-affirmed that a tax proceeding was a proceeding *in rem,* and that parties are bound by actual or constructive notice. *Obion County* v. *Massengill,* 177 Tenn., 477, 481, 151 S. W. (2d), 156, where the following section of the Code, which is, we think, equally applicable to the case before us, was quoted and applied:

"A tax deed of conveyance shall be an assurance of perfect title to the purchaser of said land, and no such conveyance shall be invalidated in any court, except by proof that the land was not liable to sale for taxes or that the taxes for which the land was sold have been paid be-

fore said sale; and if any part of the taxes for which said land was sold is illegal or not chargeable against it, but a part is chargeable, that shall not affect the sale, nor invalidate the conveyance thereunder, unless it appears that before the sale the amount legally chargeable against the land was paid or tendered to the county trustee, and no other objection either in form or substance to the sale or the title thereunder shall avail in any controversy involving them.'' Code, section 1609.

There is no insistence in the record that the land was not liable for the taxes for which the sale was had, or that all or any part of said taxes had been paid or tendered, and there is, therefore, no ground laid in the bill upon which the tax deed might be invalidated.

We think the action of the Chancellor in sustaining the demurrer was correct, and his decree is affirmed.