WILLIAMS v. CRAVENS et ux.—191 S. W. (2d) 942.

Middle Section. October 27, 1945.

Rehearing denied November 24, 1945.

Petition for Certiorari denied by Supreme Court, January 19, 1946.

542

Ward R. Case and Robert F. Turner, both of James-
town, for appellant.

A. R. Hogue, of Jamestown, for appellees.

FELTS, J. This is an ejectment suit for a farm of about 40 acres just outside Jamestown. Defendants have been in possession since 1927 under a deed vesting title in them as tenants by the entirety. Complainant claims under a tax sale to the State April 4, 1940, and a deed from the Commissioner of Finance and Taxation October 19, 1942.

J. B. Cravens by plea and answer attacked the tax sale and the deed to complainant upon a number of grounds, and stated he was willing and ready to refund all of complainant's expenditures which were proper charges on his interest in the land. His wife Loretta Cravens adopted his answer and further averred that she was not a party to the tax suit, had no notice of the sale, and her rights were not affected thereby; and that the sale was illegal and void because the chancellor's decree of sale had been reversed and the suit dismissed by the Supreme Court. She filed her answer as a cross-bill seeking to have complainant's deed declared void and removed as a cloud on her title.

The cause was heard before the chancellor and a jury. At the close of the evidence, there being no disputed issue of fact, the chancellor discharged the jury and filed his opinion deciding the issues. He held that the matters relied on by J. B. Cravens were insufficient to constitute a defense, but that Mrs. Cravens was not bound by the decree in the tax suit and her rights had not been divested by the tax sale, that her title and right of possession as a tenant by the entirety were enough to defeat complainant's bill, but that she could not maintain her cross-bill because more than three years had elapsed since the tax sale (Code sec. 1610) and because she had not tendered the amounts required by the statute (Code sec. 1611). Accordingly, the chancellor entered a decree dismissing

the bill and the cross-bill and taxing complainant with the costs.

Complainant moved for a new trial, his motion was overruled, he saved a bill of exceptions, appealed and has assigned errors. He insists that Mrs. Cravens was bound by the decree in the tax case and her interest was divested by the sale and passed to him under his deed from the Commissioner, and that in any event he was entitled to maintain his bill because he had acquired the interest of J. B. Cravens and that interest carried with it the right of possession since the husband has the right of usufruct and possession of property held by him and his wife as tenants by the entirety.

There is no dispute as to the facts. J. B. Cravens and his wife purchased the land for $1,250 and took a deed conveying it to them as tenants by the entirety. The deed was dated and acknowledged December 29, 1927, and recorded June 4, 1928. They have lived on the land ever since. The taxes on it became delinquent for the years 1933 to 1936, inclusive. These taxes were assessed to J. B. Cravens alone.

On January 24, 1938, the State of Tennessee and the County of Fentress filed a bill in the Chancery Court of that county against J. H. Allred and some 380 others, including J. B. Cravens, to collect delinquent taxes on their respective lands for the years 1930 to 1936, inclusive, that suit being styled State et al. v. Allred et al. The bill exhibited a list of the taxes delinquent against the lands of each of the named defendants, which list showed the taxes on the land here involved were assessed against J. B. Cravens and were delinquent for the years 1933 to 1936, inclusive.

As stated, these taxes were not assessed to Mrs. Cravens, and she was not named as a defendant to the

bill, no process was served on her, no notice was directed to her, and she made no appearance in that suit.

There were six other similar bills pending in that court for delinquent taxes for the six years 1924 to 1929, inclusive, against some of the same persons named as defendants in the Allred suit. The bill in that suit asked that these six earlier suits be consolidated with the latter suit and this was done. Pro confessos were entered against J. H. Allred, J. B. Cravens, and numerous others of the named defendants. On November 16, 1938, judgments were entered against "the several foregoing named persons" for the respective amounts of taxes assessed to each of them, and the Clerk and Master was ordered, after advertisement by printed handbills, to sell each parcel of land separately for cash subject to the right of redemption.

On January 25, 1939, the Clerk and Master sold said lands, including that here involved, to the State for the amount of the delinquent taxes, penalties, interest, attorney's fees, and costs, there being no other bidder. The Clerk and Master filed a report of the sales, and the report was confirmed by decree of the chancellor on April 4, 1940, which decree adjudged: "It is, therefore, ordered, adjudged and decreed that all the right, title and interest of each and every respective person, or defendant above named, in and to each respective tract of land, above described, listed opposite his or her name, be divested out of them and each of them respectively, and vested in the State of Tennessee and it is decreed that said right and title be vested in said State of Tennessee subject alone to the right of redemption as provided by law."

J. H. Allred and some of the other defendants appealed from the chancellor's decree directing a sale of their lands for delinquent taxes, and the Supreme Court

reversed the chancellor's decree and dismissed the bill in the Allred suit., State et al. v. Allred et al., 177 Tenn. 61, 146 S. W. (2d) 138. As shown by that opinion, the ground of reversal and dismissal was that the Allred bill had been filed in violation of Chapter 71, Acts of 1937, amending Code section 1591, so as to provide that where there were tax suits pending against any particular tract of land no subsequent tax suit should be filed against it until the prior suits had proceeded to the sale of said land.

On November 19, 1942, George F. McCanless, Commissioner of Finance and Taxation, with the approval of the Governor and the Attorney General, executed a deed conveying to complainant "all the right, title, claim, and interest of the State of Tennessee" in the land here in question. The consideration was complainant's payment of the delinquent taxes, penalties, interest, attorney's fees, and costs, aggregating $285.11, for the years 1933 through 1937, and the assumption of the taxes accrued since 1937.

That these taxes were not assessed also to Mrs. Cravens was immaterial. They were nonetheless a lien on her interest in the land. Code section 1331. Nor did the failure to name her as a defendant in the Allred tax suit prevent her becoming such. That suit was a proceeding in rem. Code section 1332; State ex rel. v. Collier,, 160 Tenn. 403, 23 S. W. (2d) 897. Having an interest in the land, she was made a defendant by the seizure of it, which was effected by the filing of the bill describing the land. State ex rel. v. Collier, supra; Roberts v. Frogge, 149 Tenn. 181, 258 S. W. 782. So the decree in that case, if there was sufficient notice to her, could bind her as much as if she had been named as a defendant in the bill. State ex rel. v. Collier, supra; Collins et al. v. Oliver, 24 Tenn. App. 337, 144 S. W. (2d)

9; Obion County v. Massengill, 177 Tenn. 477, 151 S. W. (2d) 156; Esch v. Wilcox, 181 Tenn. 165, 178 S. W. (2d) 770.

There was nothing that could be notice to her except the poster naming her husband among many others whose lands were advertised for sale for delinquent taxes. The chancellor held this was not sufficient notice to her. Whether it was, we need not determine; for upon another ground we think her interest in this land was not affected by the tax suit.

The decree confirming the sale in that suit by its very terms left her interest untouched. It did not undertake to divest the interests of all the defendants but only those "above named," Mrs. Cravens not being one of them. Its language, which we have quoted above, expressly limited its divestiture of title to that "of each and every respective person, or defendant above named." She not being a "person, or defendant *above named*," the decree did not reach her interest. Williams v. Land, 179 Tenn. 109, 163 S. W. (2d) 68.

In that case land owned by Roy Land and others but assessed to him alone was sold for taxes by a decree limited somewhat like the one above quoted. Holding that only his interest passed, the Court said: "While under Code, sec. 1331, lien for taxes extends to the fee in the property assessed, and not merely to the interest of the person to whom it is or ought to be assessed, and is made to extend to all other interests in the property, the chancellor in his decree confirming the tax sale expressly limited the divestiture of title to the right, title and interest of each of the respective persons against whom each particular amount of tax was assessed. Thus, the right, title and interest of Roy Land in the property was alone vested in the State, and it was this interest

that the State conveyed to John R. Williams." 179 Tenn. at page 113, 163 S. W. (2d) at page 70.

■ Complainant contends that by the tax sale decree and his deed from the Commissioner he took the interest of J. B. Cravens in this land and that this interest of the husband entitles him to recover possession of both the husband and wife. This because by the common law the husband had the right of usufruct and possession of land owned by him and his wife by the entirety. But this commonlaw rule, which resulted more from the wife's disability than from the husband's right, seems to have been changed in this state by our statutes removing the wife's common-law disabilities. See Alfred v. Bankers' & Shippers' Ins. Co., 167 Tenn. 278, 283, 68 S. W. (2d) 941, 943; Moore v. Chase, 25 Tenn. App. 239, 156 S. W. (2d) 84.

■ But whether this is true or not, we think complainant cannot maintain this ejectment suit for another reason: The title and right of possession in J. B. Cravens were not divested by the decree in the tax suit because that suit was dismissed by the Supreme Court. State et al. v. Allred et al., 177 Tenn. 61, 146 S. W. (2d) 138.

Complainant insists that this dismissal did not affect the decree as to J. B. Cravens because it does not appear that he was one of the appellants or that any of the prior suits were against him. The dismissal, however, was not limited to the defendants who had appealed or against whom such prior suits were pending. It was absolute and unqualified as to all the defendants. The Supreme Court's decree stated (Tr. 98): "It is therefore ordered and decreed by the Court that the decree of the Chancellor be reversed, and the original bill be dismissed, and that one half of the cost of this cause will be paid by the State of Tennessee and the remaining half by

Fentress County, which will be certified to the proper parties for payment, as required by law.''

The opinion, pursuant to which this decree was entered, stated (Tr. 120, 177 Tenn. at page 64, 146 S. W. (2d) at page 139): ''For the reasons stated the decree of the chancellor is reversed and this bill dismissed, but this decree does. not affect the status of the suits previously instituted and pending in the court below.''

Thus while the prior suits were not affected, the Allred bill was dismissed outright and without any condition or limitation. When that bill was thus dismissed there was nothing left that could support any decree in that case.

It is true Code section 1593 provides that any one or more of the defendants in a tax suit may appeal and the appeal ''shall not affect the standing of the cause as to the other parties to the proceedings.'' And Code section 1603 provides that any party to such a suit may appeal but the appeal ''shall not affect the suits as to other defendants.''

██ But these sections merely provide for tax suits the same rule which section 9040 provides for suits in general, which is that any party may appeal but the decree shall remain in full force against parties not appealing. This rule applies only to decrees which adjudge independent rights and are severable. Where the proper decree on appeal will necessarily affect the rights of parties who have not appealed, the appellate court, although only one party has appealed, will determine the whole cause as to all the parties as it stood below before any decree was entered. Wood v. Cooper, 49 Tenn. 441, 445; Turley v. Turley, 85 Tenn. 251, 259, 1 S. W. 891; State ex rel. v. Bolt, 130 Tenn. 212, 217, 218, 169 S. W. 761; Riley v. Shumate, 176 Tenn. 436, 143 S. W. (2d) 525.

That, as we understand, is what the Supreme Court did in the Allred suit. That bill having been filed in violation of the statute, the Court dismissed it, as the chancellor should have done on the preliminary motion before the entry of any decree. Manifestly, if the chancellor had dismissed the bill at that stage, there could have been no decree and no sale of the interest of J. B. Cravens in this land in that suit.

For these reasons we think the chancellor correctly held that complainant could not maintain ejectment, but it does not follow that the bill should have been dismissed. Failing to get title at the tax sale, complainant became subrogated to all the liens that secured the taxes. Code section 1613. Such liens are against the interests of both defendants, and complainant has a right to enforce these liens in the chancery court for his reimbursement. Id. 1613. The chancellor doubtless would have granted this relief, if complainant had asked it. But we think the cause should be remanded, with leave to complainant to amend so as to enforce his liens for reimbursement.

The chancellor's decree, in so far as it denied the right of complainant to maintain ejectment and taxed him with the costs, is affirmed but in other respects is modified and the cause is remanded to the chancery court for further proceedings not inconsistent with this opinion. The costs of the appeal are adjudged against appellant and the sureties on his appeal bond.

Howell and Hickerson, JJ., concur.

## ON PETITION FOR REHEARING.

By petition for a rehearing appellant Williams complains of our holding that the Supreme Court's dismissal of the Allred bill left nothing to support the decree of

sale under which he claims; and he undertakes to support that sale by saying it was made in the consolidated tax cases—the Allred bill for taxes for the years 1930 to 1936 and six earlier bills for taxes for the years 1924 to 1929, inclusive. This, however, does not aid the sale, which was made for Cravens' delinquent taxes for the years 1933 to 1936. There was no other bill for these taxes but the Allred bill and its dismissal left nothing on which to base a sale for these taxes.

The petition to rehear is overruled at petitioner's cost.

Howell and Hickerson, JJ., concur.