## WILLIAMS v. CRAVENS et ux.—214 S. W. (2d) 57.

Middle Section.   March 27, 1948.

Petition for Certiorari denied by Supreme Court, October 16, 1948.

A. R. Hogue, of Jamestown, for J. B. Cravens et ux.

Robert F. Turner, of Jamestown, for Guy Williams.

FELTS, J.   This is the second appeal in this case.   As appears from the opinion on the first appeal, 28 Tenn.

App. 541, 191 S. W. (2d) 942, complainant sued to recover land which had been sold to the State for taxes April 4, 1940, and deeded to him October 19, 1942, by the Commissioner of Finance and Taxation, the consideration being his payment of the delinquent state and county taxes for 1933 through 1937 and his assumption of those that had accrued after 1937.

That tax sale to the State had been made in the case of State et al. v. Allred et al., 177 Tenn. 61, 146 S. W. (2d) 138, which had been dismissed by the Supreme Court January 11, 1941. The Chancellor dismissed the present suit. We agreed complainant had got no title and could not recover the land, but we remanded with leave to him to amend so as to seek subrogation to the liens that had secured the taxes he had paid (28 Tenn. App. 550, 191 S. W. (2d) 945), under Code section 1613, which provides:

"Any person who buys real estate sold for delinquent taxes which were a lien thereon, and who shall for any cause fail to get a good title or to recover possession of the realty, shall be subrogated to all liens that secured the taxes, and all interest, cost, penalties and fees; and he shall have the right to enforce the same in chancery for the reimbursement of the purchase money paid by him and interest thereon. The chancery court shall have jurisdiction, in such case, though the amount sued for be less than fifty dollars."

On the remand complainant amended his bill March 25, 1946, asking that relief. Defendants pleaded the statutes of limitations, Code, secs. 1494 and 8572 and laches. After a reference, report, and other matters we need not detail, the Chancellor granted the relief sought. He allowed complainant a recovery of $332.11, declared it lien on the land, and ordered the land sold.

Defendants appealed and have assigned a number of errors through which they insist that these taxes were barred and the liens extinguished by the statutes of limitations and laches, and that there was nothing to which complainant could be subrogated.

They argue that Code section 1494 began to run against these taxes and the liens, Code, sec. 1329, on January 1 of each of these years (1933 through 1937); that the running of this statute was not suspended by the bringing of the Allred suit on January 24, 1938; that this is true because that suit, being forbidden by statute, was void and was dismissed January 11, 1941, and no new suit for these taxes was brought within one year after such dismissal, as required by Code section 8572; that Mrs Cravens, she and her husband owning the land as tenants by the entirety, was not a party to that suit; that for these reasons all of these taxes and all the liens were barred by January 1, 1943; and that since no other suit had ever been brought for these taxes by the county or the State, their right to collect the taxes and the liens therefor had been barred by laches.

■ We cannot follow this argument. By Code section 1613 complainant has the right of subrogation to the liens that secured the taxes. That right must be enforced unless such liens were barred when complainant filed his original bill. Defendants' answers to that bill showed he had failed to get title. Upon this showing subrogation could have been granted under the prayer for general relief. The amendment added no new facts beyond those stated in the answers, set up no new cause of action, but related back to the date of the filing of the bill, January 23, 1943. Whitson, Adm'r v. T. C. Ry. Co., 163 Tenn. 35, 40 S. W. (2d) 396; Cooper's Estate v. Keathley, 27 Tenn. App. 7, 177 S. W. (2d) 356.

■■ On that date, we think, neither the taxes nor the liens securing them were barred. Nullum tempus occurrit regi. Lapse of time does not bar the right of the sovereign. This general principle always operates except in the particular instances where the legislature has enacted a statute to the contrary; and any statute which limits the right of the State to collect its taxes must be strictly construed in its favor. Shelby County v. Bickford, 102 Tenn. 395, 402, 52 S. W. 772; Hake v. Warren, 184 Tenn. 372, 199 S. W. (2d) 102. Code section 1494 relied on by defendants, is in these words:

"All state, county, school, and municipal taxes asessed on property, and all state, county, or municipal privilege taxes, and all poll taxes shall be barred, and any lien for such taxes be canceled and extinguished, unless the same are collected, or suits for the collection shall have been instituted within six years from the first of January of the year for which such taxes accrued."

Thus this statute applies only (1) to the particular kind of taxes specified, only (2) when they are uncollected, and only (3) when no suit has been "instituted" for their collection within six years. This statute did not bar the taxes and the liens here involved because a suit was instituted for their collection within six years. That was the Allred suit brought January 24, 1938. Mrs. Cravens was a party to that suit. 28 Tenn. App. 541, 546, 191 S. W. (2d) 942, 944.

■ ■ The bringing of that suit suspended the running of this statute of limitations. It matters not that the suit was improperly brought. The general rule is that the statute of limitations is suspended by the commencement of a suit even where it is dismissed for want of jurisdiction. Burns v. Peoples Tel. & Tel. Co., 161 Tenn. 382, 33 S. W. (2d) 76. Nor does it matter that

no new suit was brought by the State within one year after the dismissal of the Allred suit. Code section 8572, providing for the commencement of a new suit within one year, does not apply to the State. Code section 8579; Anderson v. Security Mills, 175 Tenn. 197, 204, 133 S. W. (2d) 478, 480; Hake v. Warren, supra.

The commencement of the Allred suit for these taxes cut off the defense of the statute of limitations. Thereafter the only defense that could ever be available was that of laches. Robinson v. Bierce, 102 Tenn. 428, 434, 435, 52 S. W. 992, 47 L. R. A. 275; State ex rel. v. Patterson, 155 Tenn. 169, 174, 290 S. W. 973. The right of the State to collect these taxes and to enforce its liens against the land for their collection was not lost or destroyed by the dismissal of the Allred suit. Within a reasonable time the State could have instituted another suit for these taxes, its right to do so being limited not by Code section 8572, but by the doctrine of laches.

It takes both delay and injury to the defendant to constitute laches. As stated, the Allred suit was dismissed January 11, 1941; the State's right passed to complainant under his deed of October 19, 1942; he brought this suit January 23, 1943. Up to October 19, 1942, there had been no delay and injury sufficient to constitute laches by the State; nor do we think any laches could be attributed to complainant on January 23, 1943. State v. Benner et al., 182 Tenn. 395, 187 S. W. (2d) 609.

All of the assignments of error are overruled and the Chancellor's decree is affirmed. The cause will be remanded for further proceedings not inconsistent with this opinion. The costs of the cause are adjudged against appellants and the sureties on their appeal bond.

Howell and Hickerson, JJ., concur.