## ST. CLAIR v. LAWRENCE.—213 S. W. (2d) 809.

Middle Section. June 26, 1948.

Petition for Certiorari denied by Supreme Court, October 16, 1948.

Solon L. Robinson, of Pikeville, for appellant.

Raulston, Raulston & Swafford, of South Pittsburg, for appellee.

HOWELL, J. In the original bill in this case filed by F. D. St. Clair against I. D. Lawrence, the complainant alleged that he is the owner and "in the actual and exclusive possession" of a tract of land in Sequachee County, Tennessee, containing 79 acres and that the defendant is unlawfully trespassing upon his land and cutting and removing the growing timber therefrom. The bill prays that this conduct of the defendant be enjoined and that complainant be "decreed the exclusive possession of said land." The answer of the defendant denies that the complainant is the owner of the land or has any just claim there to and denies that he is or ever has been in possession of it. The answer avers that the defendant and his grantor have had actual, open, notorious, exclusive, adverse and uninterrupted possession of the land in question for more than twenty years. The answer further sets out that complainant, shortly before filing the bill, had bought a fraudulent and void tax claim and bases his claim for possession thereon.

Upon the trial on oral testimony the Chancellor found the facts in favor of the defendant and dismssed the bill.

The complainant has perfected an appeal to this court and has assigned errors.

The complainant bases his claim for possession of the property under a deed from the Clerk & Master of the Chancery Court dated July 14, 1945, and recorded August 4, 1945, which deed attempted to convey the property to F. D. St. Clair and Horace Reynolds, and was executed pursuant to a decree of the Chancery Court in the case of State, etc., v. James Bonner, J. C. Ketner and others, filed August 4, 1925, to collect taxes for the year 1923. This decree was rendered at the March 1940 term of the Court and the sale confirmed at the September Term 1940. On August 3, 1945, Horace Reynolds quitclaimed his interest in the property to F. D. St. Clair the complainant.

The defendant I. D. Lawrence is a grandson of one L. L. Lawrence, who took possession of the property in question from the owner J. Q. Ketner in 1923. L. L. Lawrence had possession of the property, lived and conducted a store on part of it for several years and until the store burned and has paid taxes upon it since 1923. The defendant I. D. Lawrence bought the land from his grandfather L. L. Lawrence in 1945. I. D. Lawrence and L. L. Lawrence have had adverse possession of the property for over twenty years. L. L. Lawrence had lived upon this land from 1918 until 1923 when he acquired it from J. Q. Ketner. The name J. C. Ketner in the tax bill was erroneous. J. Q. Ketner died in 1923.

Threfore we are presented with these facts: J. Q. Ketner owned the property, and he died in 1923. L. L. Lawrence was in possession from 1923 until he sold to the defendant I. D. Lawrence in 1945.

I. D. Lawrence has had possession since 1945. The tax bill was filed in 1925 to collect 1923 taxes, and named J. C. Ketner, as defendant. An order of sale was entered

in the case fifteen years later or in 1940 when the property was sold by the Clerk & Master who executed a deed pursuant to this sale on July 14, 1945. Thus the deed relied upon by complainant is executed twenty years after the bill was filed against J. C. Ketner, and twenty-two years after the owner of the property in 1923, J. Q. Ketner, had died and twenty-two years after L. L. Lawrence had acquired the property from J. Q. Ketner.

The equities of the situation are in favor of the defendant. The record does not disclose any good reason for the unusual delay in the prosecution of this tax suit, the owner of the property was not named as à defendant and he died in 1923, two years before the bill was filed. The tax suit was filed two years after L. L. Lawrence had taken possession of the property and the record does not disclose that he had any knowledge or notice of the filing of the bill or of the default in the payment of 1923 taxes by J. Q. Ketner.

Under the facts of this case we are of the opinion that the failure of the State to prosecute the tax case to a conclusion for fifteen years was prejudicial to the rights of the defendant I. D. Lawrence and that the tax deed dated July 14, 1945, authorized by a decree of September 1940, pursuant to a bill filed in 1925, two years after the death of the person to whom the property was assessed and in which the defendant was named J. C. instead of J. Q. Ketner, is void for laches. See State v. McPhail, 156 Tenn. 459, 2 S. W. (2d) 413; State et al. v. Rowan, et al., 171 Tenn. 612, 106 S. W. (2d) 861; Tennessee Marble & Brick Co. v. Young, 179 Tenn. 116, 163 S. W. (2d) 71; Salts v. Salts, 28 Tenn. App., 318, 190 S. W. (2d) 188.

We are further of the opinion that the deed to the complainant under the facts of this case is void for the further reason that the Court in the tax case did not

have jurisdiction to divest the interest of L. L. Lawrence, the owner, out of him. While it had jurisdiction of the property by the filing of the bill, the record shows that the owner J. Q. Ketner was dead when the bill was filed and his vendee L. L. Lawrence had no notice of any kind of the pending suit or the sale of the property. See Williams v. Cravens, 28 Tenn. App., 541, 191 S. W. (2d) 942 and cases therein cited.

It results that the decree of the Chancellor dismissing the complainant's bill seeking possession of the property is affirmed.

 The complainant and the sureties on his appeal bond will pay the costs.

Affirmed.

Felts and Hickerson, JJ., concur.