Opinion of the court delivered by
Judge Haywood.
The first question to be determined is, will trespass lie against Condray? He came in, after possession delivered to Williams under the decree against Elisha Waller, and under a lease made to him by Williams. If one be in possession by thejudgment of a court of competent jurisdiction, and the proceedings be reversed, the entry of the plaintiff in error, will, by relation, vest the possession in him, from the time of the entry by the defendant, under the judgment or decree, and the mesne profits may be recovered against him. But if after possession taken by the defandant in error, and before error brought, he transfers the possession to another, this latter, coming in by title, and not as a trespasser, cannot by relation be made a trespasser by reversal of the judgment, and by the award of restitution to the plaintiff in error; for a fiction of law may prevent a wrong, but it cannot make an innocent man a wrong doer.
If thejudgment were rendered by a court having no jurisdiction, the entry of the recoverer would be illegal from the beginning and before reversal. But (even in such case,) the person holding under him would not be liable to an action of trespass at the suit of the disseisee, or person dispossessed by the entry. He would be precisely in the situation of one coming in under a disseisor, who had not the pretence of a judgment; and would be answerable also, to the person who put him in possession, and wqwld be, neither in the one case nor the other, a trespasser by relation. Admitting, as the pleadings state, that the court had no jurisdiction, and that therefore, this action lay against the defendant, it was maintainable be *173 fore the reversal, as well as afterwards, and should have been brought within three years after the entry of the defendant; and the plaintiff cannot say, that he was hindered from suing in due time, by a void possession, taken under a void judgment.
If the action will not lie against the defendant, because he cannot be made a trespasser by fiction of law and the doctrine of relation, the plaintiff cannot succeed. And if the action will lie against the defendant, the plaintiff cannot succeed, because he is then barred by the statute of limitations. (11 Rep. 40, 47, 50, 51; 13 Rep. 22; 3 Wilson Rep. 285; 5 Cranch, 173; sed vide, Cro. Eliz. 540; Buller’s N. P. 87.
Judgment affirmed.