# HUNT et ux v. LILES et al.—243 S. W. (2d) 149.

Western Division. At Jackson. November 30, 1950.

Petition for Certiorari denied by Supreme Court, May 12, 1951.

174

Lloyd S. Adams and J. Frank Warmath, both of Humboldt, for appellants.

H. G. Arnold, of Jackson, for appellees.

SWEPSTON, J. This is a suit by Robert Hunt and wife, Louise Mai, to enforce redemption of a tract of about three acres of land situated in the city of Humboldt.

The Chancellor decreed that complainants were entitled to redeem, but instead of awarding them the land he adopted their suggestion in the brief and argument and awarded them the value of the land before improvements made by certain defendants plus the amount of rents due, less credit for taxes paid by purchasers, all in view of the situation to be disclosed hereinafter.

Defendants have appealed and assigned error, which will be referred to later.

The pleadings are rather voluminous and raise many questions we do not deem necessary for us to discuss in order to reach a proper solution of the rights of the parties. We shall not, therefore, undertake to detail the pleadings.

The material and determinative facts averred and shown herewith follow.

Complainants became the owners in fee of the involved land by deed of Mrs. Willie Scruggs dated December 24, 1929, at which time the State and County taxes for the year 1929 were due and unpaid and after same became delinquent, suit was filed on April 21, 1931, order of sale entered at September Term of 1938, and order confirming sale to R. D. Liles was made March 31, 1939. The evidence is in dispute as to when the purchaser went into possession, whether before or after the redemption period

expired, but the same is immaterial as will hereafter appear, except as to liability for rents.

Chapter 50, Pub. Acts 1939 known as the Tax Moratorium Act became effective March 3, 1939, that is, before the decree of confirmation.

The Act prohibited the filing of suits or any proceedings for the collection of taxes and any further proceedings in pending suits all with regard to years prior to and including 1937, until after January 1, 1940, and the period of redemption was extended to include the last named date.

R. D. Liles died testate in 1944 and by his will devised said land to his widow, a defendant herein, who conveyed the same by deed of September 19, 1945 to defendants, Jimmy Lee Dancy and Elizabeth Barnes, who conveyed by deed of May 28, 1946 a portion of said land to A. D. Pitts, both of which grantees of Mrs. Liles have made more or less valuable improvements on said tracts now held by them, especially Pitts.

R. D. Liles claimed ownership of said land solely by virtue of the decree in the tax suit, supra.

The Chancellor held that the decree of confirmation was void, that R. D. Liles obtained no title, that the sale was a nullity and that complainants have a right to reimburse defendants for taxes paid and having tendered same into court have a right to have it accepted; further that complainants have offered to accept cash in lieu of the land which he found to be worth $875 before improvements made by her successive vendees; he held all defendants liable for rent from April 1941, the date R. D. Liles took possession, to the date Mrs. Liles sold the property in 1945.

The total judgment against all defendants for the value of the land and rents, less the taxes paid by defendants

was $1,855.97 with interest from the date of his decree, which judgment was made a lien on the land.

No assignment of error challenges the holding of the Chancellor that the decree of March 31, 1939 confirming the tax sale was void.

Nor could it be successfully challenged because the question was expressly decided in Tennessee Marble & Brick Works v. Young, 179 Tenn. 116, 163 S. W. (2d) 71, on substantially the same set of facts. The decree was held absolutely void on its face, because in violation of the Statute, it was subject to attack both directly and collaterally; it was as if no decree had ever been entered.

"A void judgment binds nobody; it bars nobody; it is a nullity, and no judgment at all; and justifies no act done under it. Gibson Section 814 note 43.

Also, "if the Court rendering the judgment in question had jurisdiction of the person and of the subject matter, *and had authority to make such a judgment*", the judgment is voidable only and not subject to collateral attack. But absent any one of these three elements, the judgment is void on its face.

It was further held in the above case that with the decree of attempted confirmation being a nullity, the matter stood as if no sale at all had been held and that the taxpayer had a right to pay the money into court and have the suit dismissed under Code Section 1594.

It would follow that if the taxpayer failed to pay, it simply left the tax suit pending without a sale having been made.

Assignment II raises the question of laches and estoppel, which was not expressly passed on by the Chancellor.

This question is also foreclosed by the above cited case. There the taxpayer permitted taxes to accumulate for 13

years before attacking a 5 year old purported sale. The Court held, laches did not estop the taxpayer, because it was a matter between him and the State and could not affect the would-be purchaser, until he acquired an interest in the property. Necessarily the attempted purchase was a nullity and Mr. Liles acquired no interest in this property, other than an equitable right of reimbursement.

Neither he nor any successor could be innocent purchasers or purchasers at all, because no rights can be based on a void decree. They were charged with knowledge of the Moratorium Act and with knowledge that the decree of confirmation was a nullity, that there had been no sale and that Hunt could pay the money into Court at any time and have the suit dismissed; or upon his failure to do so, the State could not charge Hunt with laches and deny him the right to have the suit dismissed, because either party to the tax suit may move to speed the cause and bring the matter to a head and for that reason neither may charge the other with laches. State v. Rowan, 171 Tenn. 612, 106 S. W. (2d) 861.

The assignment is overruled.

 Assignment I complains of the overruling of defendants' plea of the Statute of Limitations under the second section of the Act of 1819, Code Section 8584, known to the Profession and described in the cases as creating a possessory or defensive title.

We think this statute of limitations not applicable to the facts of this case.

As stated, Liles entered into possession solely on the strength of his purchase at the tax sale. It is immaterial that the sale turned out to be void; the nature of his taking and holding possession is to be determined by the outward and visible indicia of his intent, which by the

record was that he was holding possession solely as a purchaser at a valid tax sale.

It has been held in Reynolds v. Baker, 46 Tenn. 221, that such a possession is not adverse, but "under, and in privity with, and by succession to the estate and title of the debtor".

Further it was said that the statutory right to redeem within two years from sale is not a statute of limitations but is a law of property; it is not a cause of action at law or in equity; to perfect the right requires no action at law or in equity, but merely a tender of the money; that a cause of action does not arise until there has been a refusal to accept the tender, and from that point only does a statute of limitations begin to operate; that until tender and refusal, the debtor has no right of action against the purchaser; it is not an equity of redemption in the sense of the law of mortgages, because the whole estate passes by the sale to the purchaser leaving in the taxpayer a right to repurchase by tendering the money.

Hence, the possession of Liles being not adverse, the Statute relied upon cannot be applicable.

Moreover, since the sale was void and the right under Code Section 1594 to pay the money into court and have the suit dismissed continued, as if no sale had ever been held, up until the suit was filed and tender made to the court, the action is not barred.

This assignment is overruled.

■ Assignment III raised the three year Statute of Limitations, Code Sections 1609-11.

This contention was ruled adversely to defendants in the Tenn. Marble & Brick case, supra, on the ground that they presuppose a valid sale and vestiture of title in the purchaser.

Assignment overruled.

Assignment V. The basis of this assignment is the applicability of Code Section 8584, St. of Lim., above discussed. Since we hold this Statute inapplicable, we overrule the assignment without discussion of the details of the argument, as to the amended and supplemental bill being a new cause of action and allegedly barred by that statute.

Assignments VI and VII relating to alleged incompetent evidence have become immaterial and are overruled.

Assignment IV is overruled as to the part relating to the claim that vendees of Mrs. Liles are innocent purchasers. We have held that none of the defendants are innocent purchasers.

The other part of assignment IV complains of judgment rendered against Mrs. Liles vendees, and assignment VIII of the judgment against all or any of the defendants.

The only reason stated in the brief as an objection to the rendition of judgment is that defendants entered as strangers in good faith under an apparently good title, citing Waller v. Condray, 10 Tenn. 171.

This case is not in point. It holds that the tenant of A, who was put in possession by a void decree of court which is reversed on appeal, cannot be held liable to B, the owner, for rents accruing before reversal.

Code Section 9156 limits the liability of a tenant to rents accruing during his occupancy. But we are not dealing with tenants, but with the purchaser's assignees, whose liability is fixed by Code Section 7747 relating to rents of a redeemable estate, where there has been a sale.

Under our cases a purchaser at a void tax sale or his successor is liable for rent but entitled to reimbursement of the purchase price and all amounts expended for the owners benefit, such as taxes and lien debts and

for the enhanced value of the property due to his improvements.

Strother v. Reilly, 105 Tenn. 48, 58 S. W. 332, referring to Code Section 9157 relating to improvements made by purchaser; Mercy v. Miller, 25 Tenn. App. 621, 629, 166 S. W. (2d) 628.

There being nothing else assigned as error in this part of the decree, no further discussion is necessary.

These assignments are overruled.

A decree will be entered here for $1,855.97 with interest from March 14, 1950, which is made a lien on the land to be paid in sixty days, otherwise same to be sold as provided in the Chancellor's decree; the cause is remanded for enforcement of same, with costs against appellants.

Anderson, P. J., and Tipton, Special Judge, concur.