IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs April 17, 2008

STATE OF TENNESSEE EX REL. BRADLEY COUNTY, TENNESSEE V. #'S
INC., ET AL

Appeal from the Chancery Court for Bradley County
No. 04-093    Jerri S. Bryant, Chancellor

No. E2007-02494-COA-R3-CV  - FILED JUNE 13, 2008

The issue presented in this appeal is whether the purchaser of real property at a delinquent tax sale is entitled to recover delinquent property taxes paid on the property during the redemption period. We hold that funds expended to pay delinquent property taxes during the redemption period are lawful charges to preserve the value of the property pursuant to Tenn. Code Ann. § 67-5-2704, and therefore, the purchaser is entitled to recover these charges.  Accordingly, the judgment of the trial court is reversed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Reversed; Cause Remanded**

SHARON G. LEE, J., delivered the opinion of the court, in which HERSCHEL P. FRANKS, P.J., and CHARLES D. SUSANO, JR., J., joined.

Carlton J. Ditto, Chattanooga, Tennessee, appellant, *pro se*.

Timothy L. Payne, Cleveland, Tennessee, appellee, *pro se*.

Robert Thompson and Joseph K. Byrd, Cleveland, Tennessee, for the appellee, State of Tennessee ex rel. Bradley County.

**OPINION**

*I. Background*

On April 1, 2004, Bradley County filed suit in the Chancery Court for Bradley County to collect from property owners delinquent property taxes due for the year 2002.  Timothy L. Payne was the owner of one of the parcels with unpaid 2002 property taxes.  Pursuant to an order of sale, Mr. Payne's property was sold by the court clerk at public auction on June 23, 2006.  Carlton J. Ditto purchased the real property for $2,500.00.  After the sale, Mr. Ditto became aware that the 2004

property taxes were also delinquent on the property and on May 8, 2007, tendered $694.75 to Bradley County for the 2004 delinquent property taxes. On July 3, 2007, within the one-year redemption period set forth in Tenn. Code Ann.§ 67-5-2702, Mr. Payne redeemed the property by paying money into court for the delinquent taxes, interest, penalties, court costs, and statutory attorney fees. After the court clerk notified Mr. Ditto of the redemption pursuant to Tenn. Code Ann. § 67-5-2702, he filed a timely motion, pursuant to Tenn. Code Ann. § 67-5-2704(a), to recover the funds he paid for the 2004 property taxes plus interest.

The trial court denied Mr. Ditto's motion; he appeals.

## II. Issue Presented

The issue we review is whether the purchaser of real property at a delinquent tax sale is entitled to recover delinquent property taxes paid on the property during the redemption period.

## III. Analysis

We review a question of law, and therefore, our review is de novo and with no presumption of correctness. *Campbell v. Florida Steel Corp.*, 919 S.W.2d 26, 35 (Tenn. 1996); *Presley v. Bennett*, 860 S.W.2d 857, 859 (Tenn. 1993).

The amount that a property owner must pay to redeem real property that has been sold at a delinquent tax sale is governed by statute. Tennessee Code Annotated § 67-5-2703 requires that the person redeeming the property "pay to the clerk of the court who sold the property the amount paid for delinquent taxes, interest and penalties, court costs and any court ordered charges, and interest at the rate of ten percent (10%) per annum from the date of the sale on the entire purchase price at the tax sale." This payment must be made within one year from the date the property was sold. Tenn. Code Ann. § 67-5-2701(a). Upon entry of the order of redemption using the procedure set forth in Tenn. Code Ann. § 67-5-2704, "the clerk shall disburse the purchase price, plus interest at a rate of ten percent (10%) per annum computed from the date of the sale, and any other moneys so ordered by the court to the purchaser."

In the event the purchaser expended additional funds during the redemption period, Tenn. Code Ann. § 67-5-2704 provides a procedure for recouping these funds:

> Within ten (10) days of receipt of the money required for redemption as set forth in § 67-5-2703, and if required, the statement setting forth the basis under which a person is entitled to redeem the property, the clerk shall send a notice to the purchaser of the property at the tax sale. This notice shall state that money to redeem the property has been tendered, the date of the tender, and that the purchaser shall have thirty (30) days from the date of the tender to file a motion requesting additional amounts to be paid to compensate the purchaser for any

2

other lawful charges or moneys expended *to preserve the value of the property or to otherwise protest the redemption*. If the court finds that the purchaser has paid additional moneys for lawful charges in order to preserve the value of the property, the court *shall* order the person requesting to redeem the property to pay such additional sums to the clerk of court.

Tenn. Code Ann. § 67-5-2704(a) (emphasis added).

Based on this statute, the issue for the court was whether payment of the 2004 delinquent taxes by Mr. Ditto served to preserve the value of the property. The trial court found that payment of the taxes was not mandatory and did not preserve the value of the property. We respectfully disagree.

Tennessee courts have previously held that purchasers of real property at delinquent tax sales are entitled to recover the amount expended to pay subsequent property taxes. *See Strother v. Reilly*, 58 S.W. 332 (Tenn. 1900); *Hunt v. Liles*, 243 S.W.2d 149 (Tenn. Ct. App. 1950). In *Strother,* the Supreme Court stated:

> "When the owner seeks, in a court of equity, to have a tax deed set aside, and the cloud created thereby removed from his title, the familiar maxim, 'He who seeks equity must do equity,' will be applied; and he will be required to pay the amount for which the land was sold, and all subsequently paid taxes, with interest, as a condition to relief."

*Strother*, 58 S.W. at 334 (quoting 25 Am. & Eng. Enc. Law, p. 735). A purchaser at a tax sale is entitled to reimbursement of the purchase price as well as "all amounts expended for the owners [sic] benefit, such as *taxes and lien debts* and for the enhanced value of the property due to his improvements." *Hunt*, 243 S.W.2d at 153 (emphasis added).

When the 2004 property taxes were paid by Mr. Ditto, the taxes were delinquent and subject to being collected pursuant to a court ordered sale. Tenn. Code Ann. § 67-5-2405. Therefore, we conclude that payment of the delinquent taxes was necessary to preserve the value of the property.

We note that Tenn. Code Ann. § 67-5-2704(b) provides that "[i]n lieu of the motion procedure outlined in subsection (a), the court may by rule or court order establish an alternative procedure." The trial court's order, however, did not set forth an alternative procedure for Mr. Ditto to use in recovering the 2004 Bradley County real property taxes on the property. In this case, we do not find that an alternative procedure would have been an efficient or effective solution to this problem. Mr. Ditto advanced funds to pay Bradley County the 2004 delinquent taxes; he saved Mr. Payne additional penalties and interest; he preserved the property from being sold in yet another tax sale; and he followed the statutory procedure to recover the additional funds he expended. Mr. Ditto

3

did all that he should have done, and he should not be punished for his efforts by being required to file a separate suit for reimbursement.

## *IV. Conclusion*

Mr. Ditto is entitled to reimbursement from Bradley County for the 2004 delinquent property taxes, plus interest since the date of payment pursuant to Tenn. Code Ann. § 67-5-2703. The judgment of the trial court is reversed. Costs of appeal are assessed to Timothy L. Payne.

_____
SHARON G. LEE,  JUDGE