Mayor and Aldermen of Morristown *v.* King and Wife.

11L 669
1pi 634

MAYOR AND ALDERMEN OF MORRISTOWN *v.* O. C. KING AND WIFE *et al.*

1. TAXATION. *Assessment.* If the description of land in the assessment for taxation is not sufficient to identify the land the assessment is void; and a sale under such assessment is void; and the defect is not cured by the land being accurately described in the report of sale.

2. SAME. *Same. Tracts not contiguous.* Where several pieces of property not contiguous were assessed in the name of the same person, it was illegal to sell one for taxes assessed upon all.

FROM HAMBLEN.

Appeal from the Chancery Court at Morristown. H. C. SMITH, Ch.

McFARLAND & DICKSON for complainant.

J. P. EVANS and INGERSOLL & COCKE for defendants.

COOKE, Sp. J., delivered the opinion of the court.

For the years 1873 and 1874 the complainant assessed for municipal taxation five separate lots or parcels of land in Morristown, as the property of one Curtis Eanes. These lots were assessed together as a whole at a value of $10,000. They were described in said assessment as follows: One lot on Cumberland and Third South streets; one lot on Cumberland and Main streets; one lot on Cumberland street; one lot on Main street, and one lot and store-house on Main street. The amount of taxes levied upon said lots for the year 1873 was $41, and 1874 $80.

Said taxes remaining unpaid the marshal and tax-collector of said town, on the first Monday of January, 1876, after advertising the same for sale, sold one of said lots for the entire amount of taxes which had been assessed upon them all as aforesaid. The complainant became the purchaser at the price of $131.91, that being the entire amount of taxes, costs, etc., then claimed as due upon all of them.

The lot thus sold and purchased was, as is alleged, the lot described in the assessment as "one lot on Cumberland and Third South street." In his report of sale, the marshal described it as lot No. 3, bounded on the west by Cumberland street; on the north by Third South street; on the south and east by the corporate limits, containing a brick residence, where Curtis Eanes now lives." This sale was confirmed at the April term, 1876, of the circuit court. Afterwards Eanes sold this lot, which contained between

Mayor and Aldermen of Morristown *v.* King and Wife.

six and seven acres, to O. C. King, and conveyed the title to his wife during her life with remainder to her children, by name, who were all minors.

This bill was filed, alleging in substance, the facts above stated, suggesting that the complainant may not have acquired the title to said lot, and seeking to enforce the lien for the taxes thus assessed by the sale of the lot so purchased by them at said tax sale.

The bill was demurred to by King and wife, and their minor children by their *guardian ad litem,* upon the ground that the assessment of said lots for taxation, was void for want of any sufficient description of said lots by which they could be identified, and because said lots in question purchased by them had been attempted to be sold for the entire amount of taxes assessed upon all of said lots, they not being contiguous or forming one tract, and because said sale was void. The demurrer was overruled and the parties answered, setting up these, among other defenses, by the answers. The chancellor granted the relief prayed for, and decreed the lot in controversy to be sold for the whole amount of the taxes assessed upon all of said lots, and the respondents have appealed.

By the act of 1813, ch. 98, sec. 3, carried into the Code, secs. 554 and 555, "assessed taxes and the costs of reporting land for sale for taxes, shall be and remain a lien upon all lands and other real estate, * * when they shall become due and payable according to law. This lien shall extend to each and every part of all tracts or lots of land, notwithstanding any division or alienation thereof."

By section 569 of the Code, it is provided, "that in describing lands assessed, where it can be done, the surveyor's district, range, township, section and sectional sub-division shall be shown. If this cannot be done, the assessor shall adopt the mode of description which will most clearly and conveniently identify the property. Where several tracts or parcels of land, belonging to the same person, *lie contiguous, forming one entire tract,* the whole may be included in one valuation and so extended."

It has been repeatedly held that where the State, or a county or municipal corporation has become the purchaser of land under a sale for taxes assessed, they may waive any claim of title under such sale and come into a court of equity to have the lien enforced by a sale of the land for the taxes assessed upon it: *Mayor and Aldermen of Edgefield* v. *Brien,* 3 Tenn. Ch., 673; *City of Memphis* v. *Looney,* 1 Leg. Rep., 288; *State* v. *Duncan,* 3 Lea, 679.

It is insisted here, however, that the assessment is absolutely void for want of any description of the land by which it can be identified, and also because five wholly separate lots not adjacent or forming one tract, were assessed jointly and as a whole at the value of $10,000, without placing or assessing its proper value upon each lot as it should have been done. There is no question but that these lots attempted to be so assessed were not contiguous. The Commissioners have so reported, and this part of their report is unexcepted to. There can be no question then, that it was illegal to sell one of the lots so situated for the entire

Mayor and Aldermen of Morristown v. King and Wife.

amount of taxes assessed upon all. If this were the only objection, however, the complainants might be entitled to relief to the extent of enforcing the collection of its proportionable part of these taxes, according to its relative value by a sale of this lot. But the question recurs, was the assessment void, and if so can a void assessment create any lien that can be enforced? By section 627 of the Code, "to make the sale valid, etc., it shall be sufficient that the land sold lies in the county and is sufficiently described."

In the assessment, this lot or the lot alleged to be this lot in controversy, was described as "one lot on Cumberland and Third South street." By this description alone was advertised and sold, but by the report of the sale an accurate description was given of it.

As we have seen, in describing lands assessed, the surveyor's district, range, township, section and sectional sub-division, where it can be done, is required to be given. Where this cannot be done, the assessor shall adopt the mode of description which will most *clearly* and conveniently *identify* the land. Judge Cooley, in his work on Taxation, lays down the rule to be that in listing the land, it must be described with particularity sufficient to afford the owner the means of identification and not mislead him. A description that would be sufficient in a conveyance between individuals would be generally sufficient: Cooley on Taxation, 282–3.

It cannot be contended that the description by which this lot was assessed, affords any means by which it could be identified. Besides, the record shows

43—VOL. 11.

that three of the lots mentioned in the assessment as belonging to Eanes were on Cumberland and Third South streets, and the same description would apply as well to any one of them as to another. While it is very desirable, in order to make the burden of taxation equal, that the remedies provided by law for the enforcement of the payment of taxes should be sustained by the courts so far as it can be done, consistent with well established principles, yet we are constrained to hold that the assessment in this case was void for uncertainty and created no lien upon the property which this court can enforce. Nor was it cured by the description contained in the report of sale. The demurrer should have been sustained. The consequence is that the chancellor's decree was erroneous and must be reversed. The Referees have so reported. The exceptions to the report will be disallowed and the bill dismissed with costs.