**WEAKLEY COUNTY, Plaintiff-Appellee,**

v.

**Robert Dale ODLE, Defendant-Appellant.**

Court of Appeals of Tennessee,
Western Section, at Jackson.

March 25, 1983.

Permission to Appeal Denied by
Supreme Court June 27, 1983.

James H. Bradberry, Dresden, for plaintiff-appellee.

John L. Schlechty, Nashville, for defendant-appellant.

CRAWFORD, Judge.

The issue raised in this appeal is whether the trial court erred in finding that all of appellant's property was within the Middle Fork Watershed District and was thus subject to a special assessment.

The appellant, Robert Dale Odle, is a landowner whose property was assessed by the appellee, Weakley County, with a special $1 per acre assessment in 1967. The assessment was against all property within the Middle Fork Watershed District. Weakley County filed this action on June 2, 1980, pursuant to Tenn.Code Ann. § 70–1324 (1976), to collect the special assessment for which appellant and nineteen other landowners were more than 60 days delinquent. The action against Odle was severed and tried separately; it is the only action involved in this appeal. The trial court held that the assessment for the years 1967–1970 was barred by the ten-year limitation period for the collection of delinquent taxes, Tenn.Code Ann. § 67–1326 (1976), but it upheld the assessment for the years 1971–1979, and awarded Weakley County judgment in part as follows:

> THEREFORE, BE IT ORDERED, that all taxes so assessed against the benefited lands of the defendant Robert Dale Odle in the Middle Fork Obion River Watershed District are properly assessed and collectable for the years 1971 through 1979.
>
> \* \* \* \* \* \*

Weakley County's complaint, along with the exhibit attached thereto, is set out in its entirety as follows:

> Now comes your Plaintiff [Weakley County] by and through its attorney, James H. Bradberry, and does aver to this honorable Court:

> **I.**

> That the Plaintiff is a public corporation created by the government under TCA 5–103 and brings this suit for the use of the Middle Fork Watershed District, incorporated under TCA 70–1818, and located in Plaintiff county.

> **II.**

> The defendants are all residents of Weakley County, Tennessee and owners of property located in the Middle Fork Watershed District. That beginning with the tax year 1967, and in accordance with the authority granted them under TCA 70–1835 the Middle Fork Watershed District levied an assessment of $1.00 per acre on all property located within the district.

## III.

The Defendants are delinquent in the payment of said special assessment in excess of 60 days according to the Trustee's certification as attached hereto as Exhibit "A" and incorporated herein by reference.

## IV.

That these delinquent taxes have become a lien upon the respective parcels of land owned by Defendants in accordance with TCA 70–1837.

PREMISES CONSIDERED, PLAINTIFF PRAYS:

1. Proper process issue.
2. That a decree of sale be ordered on each individual parcel.
3. That the Plaintiff have such other and further relief to which it may be entitled under the law.

\*    \*    \*    \*    \*    \*

MIDDLE FORK WATERSHED DELINQUENT TAXES

| Name | Years Delinquent | Amount |
|---|---|---|
| Thompson Arnold | 1975–1979/5 yrs. at $66.00 | $ 330.00 |
| Horace Arnold | 1977–1979/3 yrs. at $ 7.00 | 21.00 |
| Will Buntin | 1967–1979/13yrs. at $16.00 | 208.00 |
| Clara Dinning | 1977–1979/3 yrs. at $ 2.00 | 6.00 |
| Dale Odle** | 1978–1979/2 yrs. at $ 4.00 | |
| | **1967–1979/12yrs. at $71.00 | |
| | 1 yr. at $141.50 | |
| | 1978–1979/2 yrs. at $31.00 | 1,063.50 |
| William Gregory | 1977–1979/3 yrs. at $62.00 | |
| | 1979     /1  yr. at $25.00 | |
| | 1979     /1  yr. at $12.00 | |
| | 1979     /1  yr. at $15.00** | |
| | **$12.00 added to 1978 amt. | 250.00 |
| Louis Harper | 1972–1979/8 yrs. at $233.00 | |
| | 1976–1979/4 yrs. at $ 20.00 | 1,944.00 |
| Mrs. Doyle Hicks | 1976–1979/4 yrs. at $ 76.00 | 304.00 |
| Russell Lovett | 1979     /1  yr. at $  9.00 | 9.00 |
| Danny Joe Melton | 1979     /1  yr. at $  2.00 | |
| | 1979·    /1  yr. at $  3.00 | 5.00 |
| Jeter Oliver | 1974–1979/6 yrs. at $105.00 | |
| | 1974–1979/6 yrs. at $145.00 | |
| | 1974–1979/6 yrs. at $166.00 | |
| | 1974–1979/6 yrs. at $   4.00 | |
| | 1975–1979/5 yrs. at $ 13.00 | |
| | 1975–1979/5 yrs. at $  5.00 | |
| | 1974–1979/6 yrs. at $152.00 | |
| | 1974–1979/6 yrs. at $ 73.00 | 3,960.00 |
| Thomas Parker | 1975–1979/5 yrs. at $ 16.00 | 80.00 |
| Viola Poole | 1978–1979/2 yrs. at $ 33.00 | 66.00 |
| Calvin Shobe | 1975–1979/5 yrs. at $ 11.40 | 57.00 |
| Floyd Stafford | 1974–1979/6 yrs. at $ 47.00 | 282.00 |
| Billy Hatchel | 1978–1979/2 yrs. at $  9.00 | |
| | 1978–1979/2 yrs. at $ 13.00 | 44.00 |
| | TOTAL DUE | $ 8,629.50 |

I certify that the above amounts are correct to the best of my knowledge and belief.

/s/   John B. Prince
JOHN PRINCE, Weakley County Trustee

[Notarized June 17, 1980]

The issues presented by appellant Odle are as follows:

1. Did the trial court err in finding the defendant's property to be within the District and thus subject to assessments made by that District?

2. Did the trial court err in determining that the assessments made on the defendant's land by the District were valid without proof of compliance with T.C.A. §§ 67–615 or 70–1328 which provide a method for assessing lands lying partly within and partly without a taxing district[?]

We will consider Issue No. 2 first.

■ Tenn.Code Ann. § 67–615 (1976), is as follows:

*Tract partly in taxing district.*—When assessing for public taxes any tract of land lying partly within the limits of a drainage district, special school district or other special taxing district, and partly outside the limits of such district, an assessor shall assess that part of such tract lying within the limits of such district as one (1) independent tract, and that part of any such tract lying outside of the limits of such district as another independent tract, to the end that the amount of the taxes due to each taxing district may be definitely known.

Tenn.Code Ann. § 70–1328 (1976), is as follows:

*Method of assessment for public taxes of tracts partly within and partly without drainage district limits.*—All tax assessors in assessing for public taxes any tract of land lying partly with the limits of a drainage district, or drainage and levee district, and partly outside the limits of such district, shall assess that part of such tract lying within the limits of such district as one (1) independent tract,

and that part of any such tract lying outside of the limits of such district as an independent tract, to the end that it may be definitely known what is the amount of the state and county taxes, and any special school district taxes, assessed against the part of the land within the limits of such district.

Neither of the above statutes has any application to the situation presented in this case. These statutes are instructions to the tax assessor when assessing any tract of land for public taxes. In the case at bar, suit has been brought in connection with special assessments levied by the County Court of Weakley County, Tennessee, pursuant to Tenn.Code Ann. § 70–1835 (1976). There is a distinct difference between taxes and assessments, although both may constitute liens on the land. As pointed out by Justice Chambliss in *Obion County v. Massengill*, 177 Tenn. 477, 151 S.W.2d 156 (Tenn.1941), and in quoting from prior authorities:

> "There is a clear and manifest distinction between a tax and a special assessment. A tax is imposed for a general or public purpose. It is levied for the purpose of carrying on the government. It is a charge on lands and other property which lessens its value, and in the proportion in which the owner is required to pay is his pecuniary ability diminished. This is the sense in which the term 'taxation' is used and understood. On the other hand, a special assessment contains none of the distinctive features of a tax. It is assessed or levied for a special purpose, and not for a general purpose. It is not a charge on property which reduces its value. The assessment is made in the ratio of advantages accruing to the property in consequence of the improvement. In no case can the assessment exceed the advantages accruing to the property assessed. It is therefore regarded but an equivalent or compensation for the increased value the property will derive from the improvement the assessment is levied to discharge."

*Id.* at 483–484, 151 S.W.2d at 159.

We therefore hold that there was no error by the court in not considering §§ 67–615 and 70–1328.

Odle's first issue as presented is, in essence, whether the evidence preponderates against the finding of the trial court. Since the case was tried by the trial court without a jury, we review the case de novo upon the record with a presumption of correctness. Unless the evidence preponderates against the findings, we must affirm, absent error of law. T.R.A.P. 13(d).

In order to understand our decision, some background will be helpful. The charter of incorporation of the Middle Fork Obion River Watershed District was issued by the Secretary of State of Tennessee on October 5, 1959, pursuant to the Watershed District Act of 1955, Tenn.Code Ann. § 70–1801 *et seq.* (1976). The Act makes provision for assessment of lands within a district, which assessments are to be levied by the county court of the county in which the district is located or, in the event the district covers more than one county, in the county court of the county in which the greatest number of acres of land are located. § 70–1829. An assessment so made shall be a lien on the respective tracts of land upon which it is assessed, § 70–1837, and the assessments are to be collected by the trustee of each county in which land so assessed is located. § 70–1839. The trustees of such counties obtain their information for the collection of the assessments by virtue of implementation of § 70–1838:

> As soon as the assessment has been made, the court will fix the date or dates upon which such assessment and/or the annual installments of the same shall be payable. Whereupon, the clerk of the court shall make out an assessment list or book for the trustee of each county in which are located lands so assessed for benefits, giving alphabetically the name of the owner, the boundaries of each tract, the number of acres in each tract and the amount assessed against each tract, including the annual installments in which such assessment shall be payable, if the full assessments be not paid in cash. Such book or list shall be in substantially the form used

for county tax books. When such lists or books have been completed, the clerk shall certify the same to the trustee or trustees of the counties in which the lands so assessed are located.

Tenn.Code Ann. § 70–1838 (1976).

Tenn.Code Ann. § 70–1840 (1976), provides the procedures to be followed in the event of delinquency of assessments and incorporates by reference the remedial statutes of §§ 70–1321—70–1333 (1976).

The pertinent statutes for enforcement of payment of delinquent assessments are as follows:

*Suits in chancery for collection of assessments—Exceptions.* When such assessments have been due and delinquent for sixty (60) days, bills may be filed in the chancery court or circuit court of the county, in which the lands lie, upon which such assessments are due and delinquent, *for the collection thereof out of such lands by a sale thereof in all cases,* except in cases where the assessment is made against a railroad company or a public highway, as provided in § 70–913.

Tenn.Code Ann. § 70–1324 (1976) (emphasis added);

*Bills in name of county against owners of all assessed lands.*—Bills in chancery shall be filed in the name of the county in which the lands are situated for the use of the improvement district for the benefit of which the assessments were made, and against the owners, if known, and, if unknown, against them as such; and the owners of all lands upon which such assessments are delinquent may be made defendants to the same bill as parties thereto.

Tenn.Code Ann. § 70–1325 (1976);

*Delinquent list certified by county trustee is prima facie evidence.*—When it is desired by the board of directors, or other interested party entitled to sue, to file such bill, the county trustee, upon request, shall make out a statement or list, showing all the lands upon which such assessments are so delinquent, and the names of the owners thereof, as appears upon the drainage assessment book or showing any tract or tracts assessed to unknown owners, if such be the case, and certify as trustee to the correctness of such statement or list as the same appears upon said book, and in such chancery suit such certified statement or list shall be prima facie proof of the facts so certified to and that such assessments are delinquent, and sufficient proof to authorize a decree of sale in the absence of rebutting proof of the facts shown by such certified statement.

Tenn.Code Ann. § 70–1326 (1976).

With the above in mind, we now consider the lawsuit filed in this case. There is no transcript of the evidence, and we must rely on the statement of evidence filed pursuant to T.R.A.P. 24(c), which is quite meager. We are compelled to comment that in a case where the most hotly contested issue was whether the land of appellant was within the watershed district, not one map, plat or other legal description of the property was introduced except the legal description of the entire watershed district contained in its charter. From the charter alone it is impossible to determine whether or not the land of the appellant is actually within the watershed district in whole or in part.

Odle asserts that the certified list of the trustee attached as an exhibit to the complaint is insufficient as prima facie proof under § 70–1326, because: (1) it is not evidence that may be considered by the court because it was not introduced into evidence as proof in the case but was merely an exhibit attached to the complaint; and (2) it did not show "all the lands upon which such assessments are so delinquent." We do not agree with Odle as to the effect of the failure to introduce the exhibit into evidence. The statute provides for a certified statement or list which shall be prima facie proof of the facts so certified. *Id.* Thus, except for the trustee's certification, nothing further is needed for its authentication. We feel that the statute contemplates certification by the trustee as the only prerequisite for consideration by the court, and the list was properly considered in this case.

■ As to the sufficiency of the list itself, we agree with Odle. We previously set out § 70–1838. This section is quite explicit concerning the requirement that the assessment list or book be furnished by the clerk of the court to the trustee of each county in which the lands are located. Likewise, it seems quite clear to this court that under § 70–1326 the statement or list prepared by the trustee must show all the lands upon which such assessments are delinquent, and that it must show the names of the owners of such tracts of lands as they appear upon the drainage assessment book. This, in effect, would provide evidence of the legal owner of the property, and a description of the property encumbered by the assessment. The list attached as an exhibit to Weakley's complaint in this case was woefully defective in that it merely stated the names of the property owners, the years for which the assessments were made, and the amount of the assessments. A review of the statement of the evidence does not furnish any information on which Odle's land can be located in relation to the description of the watershed district. We find that the evidence in the case preponderates against the findings of the trial court.

■ Our review of the case does not end here, however, because there are other serious problems with this case. The remedy provided in § 70–1324 is to collect the assessments by a sale of the land. The complaint filed is for enforcement of the lien created, and prays for sale of the land, but does not contain even a token description of the lands involved. These special assessments are made on the land itself, not the land owner, and a proceeding to collect delinquent assessments is one *in rem.* *Obion County v. Massengill, supra* at 481, 151 S.W.2d at 158; *Esch v. Wilcox,* 181 Tenn. 165, 170, 178 S.W.2d 770, 772 (1944). Thus, a description of the land is essential.

The judgment of the trial court did not order a sale; it merely declared the assessments properly assessed and collectable. Although no further proceedings are indicated, the judgment, falling short of order-ing a sale, appears not to be final judgment. At any rate, the posture of the suit to enforce a lien by sale of the land without a legal description of the land would render any decree for sale of the land void. *See Mayor and Aldermen of Morristown v. King,* 79 Tenn. 669, 670 (1882). The judgment in the case at bar has the unusual status of probably being ineffectual as unknown to our procedure, but in any event if it were in proper form it would be void.

For all of the reasons above stated, we reverse the judgment of the trial court and dismiss the case. The costs of the appeal are adjudged against the appellee, Weakley County.

TOMLIN and HIGHERS, JJ., concur.